413 P.2d 214

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Thomas RHODES, Defendant-Appellant.**

**No. 7981.**

Supreme Court of New Mexico.

April 11, 1966.

Chester A. Hunker, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Myles E. Flint, Asst. Attys. Gen., Santa Fe, for appellee.

CARMODY, Chief Justice.

Appellant has prosecuted this appeal from the judgment and sentence following conviction by a jury of a charge of a sale of a narcotic drug, to-wit, marijuana.

Two questions are presented, one relating to the sentence and the other to a claim of former jeopardy.

In 1962, appellant was charged by an information containing seven counts, all relating to possession or sale of marijuana. At that time, after first pleading not guilty to all seven counts, he later changed his plea to guilty to Counts 2 and 3 and the district attorney thereupon dismissed the other five counts of the information. Appellant was then sentenced to the penitentiary, where he served more than two and a half years before being released on a writ of habeas corpus, granted by the federal court on the basis that he was not represented by counsel at the time of the entry of his plea of guilty. Following this release, appellant was returned to Curry County and a new information was filed, again charging him with the same seven counts. After a succession of court-appointed counsel, he was brought to trial on the new information, and at the close of the case the jury found him guilty of Count No. 7, the other six counts having been dismissed by the district attorney. The appellant had not taken the stand at the trial, but, when he was brought before the court for sentencing, he was

questioned by the trial judge as to whether he had ever before been convicted of a felony. He responded that he had been convicted in Kansas in 1953 on a charge of possession of marijuana seed. Following this exchange, the court sentenced him to the penitentiary "for a period of not less than five years nor more than twenty years as a second offender of the narcotic laws of this State."

We will dispose of the contentions made by appellant in inverse order of their presentation in the brief.

 It is urged that jeopardy attached in the 1962 proceedings, on a theory that, appellant having entered a plea of not guilty, the case was at issue and a dismissal thereafter constituted an acquittal. This argument is without merit, because double jeopardy does not apply until the trial has been commenced. As we said in Ex Parte Williams, 1954, 58 N.M. 37, 265 P.2d 359:

"* * * jeopardy attaches when issue is joined upon an indictment or information, and the jury is impaneled and sworn to try the cause. * * *"

Thus it requires more than a joining of the issue, but contemplates the impaneling of a jury, or, in non-jury cases, the presentation of at least some evidence on behalf of the state. See United States v. Aurandt, 1910, 15 N.M. 292, 107 P. 1064, 27 L.R.A.,N.S.,

1181; Bassing v. Cady, 1908, 208 U.S. 386, 28 S.Ct. 392, 52 L.Ed. 540; Hunter v. Wade (10th Cir. 1948), 169 F.2d 973, 8 A.L.R.2d 277, aff'd, 336 U.S. 684, 69 S.Ct. 834, 93 L. Ed. 974; McCarthy v. Zerbst (10th Cir. 1936), 85 F.2d 640, cert. denied, 299 U.S. 610, 57 S.Ct. 313, 81 L.Ed. 450.

Appellant's assertion that the sentence was invalid is of more consequence. The statute with which we are here concerned, insofar as pertinent, is as follows (§ 54–7–15, N.M.S.A.1953):

"Any person violating the foregoing sections [54–7–13, 54–7–14] shall, upon conviction thereof, be punished as follows:

"A. For the first offense, upon conviction, he shall be fined not more than two thousand dollars ($2,000) and imprisoned not less than two [2] years nor more than ten [10] years.

"B. For the second offense, or if in case of a first offense of a violation of any provision of this act [54–7–13 to 54–7–15] the offender shall have previously been convicted of any violation of the laws of the United States or any state, territory or district of the United States relating to narcotic drugs or marijuana, the offender shall be fined not more than two thousand dollars ($2,000) and im-

prisoned not less than five [5] years nor more than twenty [20] years."

In this case, there was never any charge filed against this appellant which would give him notice that, if convicted, he would be sentenced as a second offender. We have recently had occasion to discuss the differences between the Habitual Criminal Act and the Narcotic Drug Act, insofar as these two statutes relate to subsequent convictions. See State v. Lujan, 76 N.M. 111, 412 P.2d 405, filed March 21, 1966. The Habitual Criminal Act is fairly definite as to how the charges should be made, and this court, in recent decisions, has construed the statute in an effort to make more uniform the procedures for charging subsequent convictions and the manner in which sentences should be imposed therefor. Lott v. Cox, 1965, 75 N.M. 102, 401 P.2d 93; and Lott v. Cox, 76 N.M. 76, 412 P.2d 249, No. 8072, decided March 7, 1966. However, the above quoted statute is completely lacking in any legislative direction as to procedures in the event of second or subsequent convictions. Thus the comparison made by the attorney general between the Narcotic Drug Act and the Habitual Criminal Act is of no assistance.

Even though we are fully cognizant of the fact that no objection was made by the defendant or his counsel to the questioning by the court as to the prior conviction, we cannot but conclude that this appellant was denied due process of law, in that there was no notice or true opportunity to be heard, in a constitutional sense. Compare, Oyler v. Boles, 1962, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446.

A case very closely in point to that before us is State v. Booker, 1965, 88 N.J. Super. 510, 212 A.2d 849, where, as here, the point was not raised at the hearing before the sentencing judge. Nevertheless, the appellate division of the Superior Court of New Jersey considered the point as a "plain error" of which they must take cognizance. This was done in Booker, even though the actual sentence given to the convict was within the limits of the sentence which could have been given for a first offense. Nevertheless, the court held that a prisoner was entitled, before sentence, to be given notice and afforded an opportunity to be heard as to the commission of any prior offense.

So also in United States ex rel. Collins v. Claudy (3d Cir. 1953), 204 F.2d 624, in a case involving the Pennsylvania Habitual Criminal Act and where the prisoner had no formal notice prior to the time of sentence, the court said:

"On the whole case we are satisfied that fundamental fairness in judicial procedure required that the court impose an enhanced penalty only upon the basis of

a supporting judicial determination of the essential facts made after the defendant had been informed of and heard upon the issue of recidivism. The omission of such procedure was a denial of due process of law and, therefore, has made the enhanced penalty a legal nullity. * * *"

See also People v. Hightower, 1953, 414 Ill. 537, 112 N.E.2d 126, cert. denied 346 U.S. 875, 74 S.Ct. 128, 98 L.Ed. 383, application denied 346 U.S. 882, 74 S.Ct. 135, 98 L.Ed. 388, wherein the Supreme Court of Illinois recognized that there must be a plea by the state of the fact of a prior conviction in order to justify the imposition of a sentence under the aggravated-penalty clause.

Although our Narcotic Drug Statute, as stated, fails to specify the precise manner in which a prior conviction must be brought to the attention of the defendant and the court, essential fairness requires that there be some pleading filed by the state, whether it be by motion or otherwise, by which a defendant is given notice and opportunity to be heard before an increased penalty can be imposed.

We therefore hold that the sentence (but not the conviction) of the appellant was erroneous. For this reason, the case must be remanded to the trial court for the imposition of a proper sentence. It is so ordered.

NOBLE and COMPTON, JJ., concur.