493 P.2d 960

STATE of New Mexico, Plaintiff-Appellee,

v.

Curtis Lee STEVENS, a/k/a Curtis Charles Stephens, Defendant-Appellant.

Nos. 735, 746.

Court of Appeals of New Mexico.

Jan. 21, 1972.

David F. Boyd, Jr., Albuquerque, for appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., and Prentis Reid Griffith, Jr., Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judg\

Defendant appeals his burglary conviction (No. 735) and the enhancement of his sentence (No. 746) pursuant to § 40A–29–5, subd. A, N.M.S.A.1953 (Repl.Vol.1964). We affirm.

*Burglary Conviction.*

Defendant asserts two points for reversal (1) denial of a speedy trial, and (2) failure to establish defendant's identity as the burglar.

(1) Defendant was arrested June 20, 1970; he was indicted July 15, 1970 and an attorney was appointed the same date; he was arraigned on July 23, 1970; he filed a motion on October 30, 1970 " . . . demand[ing] that he be tried on the charges filed against him by the next Judge and Jury assigned to hear criminal cases . . . "; he was tried on February 15, 1971, seven months after the indictment.

The record does not show defendant was denied a speedy trial nor does it show he was not tried " . . . by the next Judge and Jury assigned to hear criminal cases." State v. Crump, 82 N.M. 487, 484 P.2d 329 (1971).

(2) Defendant was seen by Officer Prieto crouched halfway in and halfway out of the bay door of Joe Heaston Motor Company. Prieto testified that he saw defendant get up and "run *west* on Kinley Street. . . . I proceeded after him . . . he continued to run . . . he turned south on 3rd Street. . . . During all this time, I was about five and ten yards behind him . . . he ran right into the other officer." Officer Prieto never lost sight of defendant until defendant was caught by the other officer.

Defendant relies on the fact that Officer Prieto testified defendant ran west. Had defendant run west he would have gone to Fourth rather than Third Street. Defendant contends that this direction testimony casts doubt on his identity and that Officer Prieto's testimony is at best contradictory. We cannot agree. Testimony must be read in context. Words, phrases or sentences may not be selected out of context. Payne v. Tuozzoli, 80 N.M. 214, 453 P.2d 384 (Ct.App.1969). As above set forth defendant was always in the officer's sight.

Viewing the testimony in the light most favorable to support the verdict (State v. Kennedy, 80 N.M. 152, 452 P.2d 486 (Ct. App.1969)) we cannot say as a matter of law that identity was not established

*Enhanced Sentence.*

Defendant asserts that since the burglary conviction was on appeal, the state could not use it to enhance his sentence.

The Habitual Criminal Act creates no new offense but merely provides a proceeding by which to determine the penalty to be imposed on one previously convicted of a felony. Lott v. Cox, 76 N.M. 76, 412 P.2d 249 (1966). Since we have determined that the burglary conviction (No. 735) was valid we need not decide whether a conviction is final pending appeal. State v. Paul, 82 N.M. 791, 487 P.2d 493 (Ct. App.1971).

The burglary conviction and the enhancement of the sentence are affirmed.

It is so ordered.

WOOD, C. J., and COWAN, J., concur.