568 P.2d 614

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Danny LUJAN, Defendant-Appellant.**

**No. 3009.**

Court of Appeals of New Mexico.

Aug. 16, 1977.

Peggy A. Bowen, Bowen & Shoesmith, Alamogordo, for defendant-appellant.

Toney Anaya, Atty. Gen., Dennis P. Murphy, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant was charged by supplemental information of being the same person who had been convicted of two felonies and that

he should be sentenced as an Habitual Offender. See §§ 40A–29–5 through 8, N.M. S.A.1953 (2d Repl. Vol. 6, 1972). The jury found that the defendant was the same person who committed both offenses. Section 40A–29–7, supra. Defendant appeals asserting: (1) that since the second felony was being appealed the trial court lost jurisdiction; (2) refusal to give a requested instruction was error. Issues raised in the docketing statement and not argued on appeal are considered abandoned. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

## Jurisdiction

■ We start with the premise that a conviction is final pending appeal (*State ex rel. Chavez v. Evans*, 79 N.M. 578, 446 P.2d 445 (1968)) regardless of what might be the outcome of the appeal. See also Rule of Evidence 609(d).

■ Next, the filing of an Habitual Offender information does not create a new charge. It merely goes to the enhancement of the penalty. *State v. Stevens*, 83 N.M. 475, 493 P.2d 960 (Ct.App.1972). It provides a proceeding to determine the penalty to be imposed on one convicted of one or more prior felonies. *Lott v. Cox*, 76 N.M. 76, 412 P.2d 249 (1966).

■ Defendant's contention is that the trial court lost jurisdiction after the notice of appeal was filed on the second felony conviction and could not hear the issue to be tried on the supplemental information. This argument is without merit. The trial court is not without jurisdiction to impose sentence. Sentencing, in some prescribed statutory form, is a mandatory requirement of the Criminal Code—appeal or no appeal. See § 40A–29–1, et seq. N.M.S.A.1953 (2d Repl. Vol. 6, 1972). Compare *State v. Romero*, 73 N.M. 109, 385 P.2d 967 (1963).

In the event the appeal of the second conviction is affirmed the enhanced sentence will stand. In the event of a reversal, the conviction and sentence would naturally be vacated.

Our holding is premised on policy consideration and in the interest of judicial economy. Nothing can be served by awaiting the decision of the appeal of the second conviction on the merits.

## Instruction

Section 40A–29–7, supra, states in part: " . . . If the defendant denies being the same person or refuses to answer, or remains silent, his plea or the fact of his silence, shall be entered of record and a jury shall be empaneled to inquire if the offender is the same person mentioned in the several records as set forth in the information. *If the jury finds that the defendant is the same person and that he has in fact been convicted of such previous crimes as charged*, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person and that he has in fact been convicted of such previous crimes as charged, then the court shall sentence him . . . ." (Emphasis added)

Defendant contends his requested instruction should have been given. It stated:

"Before you can return a verdict finding Danny Lujan an Habitual Offender as to Count I, [prior conviction] you must find beyond a reasonable doubt:

"1. That the Defendant is the same person previously convicted, and;

"2. That the prior conviction was valid."

The trial court's instructions were as follows:

"INSTRUCTION NO. 2

"For you to find the Defendant, DANNY LUJAN, is an Habitual Offender as charged in the Information, the State must prove to your satisfaction beyond a reasonable doubt each of the following:

"1. That the Defendant, DANNY LUJAN, is the same person convicted of Larceny (Over $100 but not more than $2500), a felony, in Criminal Cause No. 26721 in the District Court of the Second Judicial District, Bernalillo County, New Mexico on January 27, 1976.

780

"2. That the Defendant, DANNY LU-JAN, is the same person convicted of Residential Burglary, a felony, in Criminal Cause No. 28099 in the District Court of the Second Judicial District, Bernalillo County, New Mexico on February 2, 1977."

"INSTRUCTION NO. 3

"You are instructed that the burden of proof on the issue of identity is upon the State. That burden is to prove identity with such reasonable certainty as to satisfy the conscience of the Jury of the truth of the Defendant's identity as the same person beyond a reasonable doubt. It is not required that the State prove identity beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act in the graver and more important affairs of life."

Defendant neither took the stand nor did he offer any evidence either on the question of identity or the validity of the prior conviction. *State v. Moser,* 78 N.M. 212, 430 P.2d 106 (1967) recognizes that only valid convictions are contemplated. *Moser* goes on to state that the burden of sustaining a charge of inadequate representation (invalid conviction) rests upon the defendant. *State v. Dalrymple,* 75 N.M. 514, 407 P.2d 356 (1965) is not to the contrary. Nor can *Dalrymple* be read to require, in the absence of evidence of an invalid conviction, that the issue must be submitted to the jury.

Thus, when the State offered proper proof of a conviction, until evidence of its invalidity is offered, a presumption of validity of the conviction stands. *State v. Gilbert,* 78 N.M. 437, 432 P.2d 402 (1967); See also *State v. Deats,* 82 N.M. 711, 487 P.2d 139 (Ct.App.1971).

Not having called the issue of validity into question the trial court properly refused defendant's requested instruction. The only issue raised by the defendant was that of identity. This he did by his denial of identity.

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.