589 P.2d 674

**STATE of New Mexico, Petitioner,**

v.

**James SILAS, Respondent.**

**No. 12177.**

Supreme Court of New Mexico.

Jan. 24, 1979.

Toney Anaya, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for petitioner.

G. Hank Farrah, III, Albuquerque, for respondent.

## OPINION

EASLEY, Justice.

Defendant was sentenced as a second offender under the habitual offender statute, § 31–18-5, N.M.S.A.1978 (formerly § 40A-29–5, N.M.S.A.1953 (2d Repl.1972)). The Court of Appeals reversed the sentence, and remanded with instructions to vacate the enhanced sentence and reinstate the original sentence entered upon conviction of the principal offense. *State v. Silas*, 17 N.M.St. B.Bull. 2810 (1978). Certiorari was granted, and we affirm in part and reverse in part.

We consider two questions. First, whether the State furnished the requisite proof that the Colorado juvenile charge against Silas for assault with intent to commit rape was ordered transferred to the district court, and that Silas was thereafter convicted as an adult, so as to make the offense a felony subject to being used for enhancement of his sentence under our habitual offender statute. Second, whether the case should be remanded for vacation of the enhanced sentence and reinstatement of the original sentence, or remanded for a new trial on the habitual offender charge.

The State claimed that the evidence established that Silas was tried in Colorado as an adult and this was the basis for the enhanced sentence. Silas was a juvenile at the time that offense was committed. A prior conviction in another jurisdiction which was not a felony under the laws of New Mexico will not support an enhanced sentence. *State v. Knight*, 75 N.M. 197, 402 P.2d 380 (1965). In Colorado, defendant could have been convicted of a felony only after the juvenile court entered an order transferring him to the district court for criminal proceedings. *People v. District Ct. In And For City & Co. of Denver*, 164 Colo. 530, 436 P.2d 672 (1968). Thus, to be the basis for sentence enhancement, it must appear that defendant was transferred to and convicted in district court in Colorado, rather than tried in that state's juvenile court. *Trujillo v. Cox*, 75 N.M. 257, 403 P.2d 696 (1965).

Citing *Trujillo*, the Court of Appeals held, *inter alia*, that the entry of a proper transfer order from juvenile court to district court is a jurisdictional fact; and, that the State had the burden of affirmatively establishing that a transfer to district court was ordered.

State's exhibits 1 and 2 are a petition in juvenile court to transfer defendant to district court and a notice of hearing on the petition; they bear a juvenile court docket number. There is no evidence that the hearing was held. State's exhibit 3 bears a district court docket number and orders the filing of a criminal information against defendant. No order explicitly

transferring defendant or explicitly waiving the jurisdiction of the juvenile court was introduced into evidence. Nor was there any testimony that a transfer order was ever entered by the juvenile court in Colorado. The Court of Appeals found this evidence insufficient and held that the State had failed to carry its burden of showing that a transfer had been ordered. This holding we affirm.

The Court of Appeals then stated, "Because of the failure of proof, the cause is remanded with instructions to vacate the enhanced sentence and reinstate the original sentence. . . ." In the absence of bad faith, or other unusual circumstances, we find no reason not to remand for a new trial on the habitual charge, rather than for reinstatement of the original sentence. *State v. Linam*, No. 11,816 (Filed January 11, 1979).

We therefore reverse and remand this case to the district court for a new trial.

IT IS SO ORDERED.

SOSA, C. J., McMANUS, Senior Justice, and PAYNE and FEDERICI, JJ., concur.