627 P.2d 871

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Donald Lee STOUT,**
**Defendant-Appellant.**

**No. 13341.**

Supreme Court of New Mexico.

May 5, 1981.

Martha A. Daly, Appellate Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, Susan Alkema, Asst. Public Defender, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Charles F. Noble, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

RIORDAN, Justice.

The defendant was convicted of robbery with a firearm and sentenced on October

23, 1979 to a term of not less than fifteen nor more than fifty-five years. On June 19, 1980, some eight months after defendant initially began serving his sentence, the district attorney filed a supplemental information alleging that the defendant had previously been convicted of armed robbery in 1971 and therefore his punishment for the second conviction should be life imprisonment in accordance with Section 30–16–2, N.M.S.A.1978. A trial was held on the supplemental information and the jury found the defendant to be the same person previously convicted in 1971. The trial judge therefore vacated the October 23, 1979 sentence and sentenced the defendant to life imprisonment. We affirm.

The defendant raises three points on appeal: (I) the enhancement procedure violated the defendant's right to due process; (II) the resentencing of the defendant violated his constitutional protection against double jeopardy; and (III) the trial court erred in admitting penitentiary records that were not properly authenticated.

## I. *THE ENHANCEMENT PROCEDURE*

The defendant was sentenced under Section 30–16–2, N.M.S.A.1978, which reads as follows:

Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.

Whoever commits robbery is guilty of a third degree felony.

Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

The statute provides no procedure for determining whether the defendant had previously been convicted of armed robbery, nor does it state how the defendant is to be informed of the possible sentence that he is facing if convicted. Since it is a procedural matter, it is within the province of the court to determine how this is to be accomplished.

We first address the issue of whether the filing of the notification of enhancement after conviction violates the defendant's rights. The defendant argues that he is entitled to notice that he may be sentenced to life imprisonment as a second offender before he is tried on the robbery offense, claiming that anything else denies him due process. This Court has previously held that a defendant is entitled to notice of the charges by some pleading being filed and an opportunity to be heard before sentence is imposed. In *State v. Rhodes*, 76 N.M. 177, 181, 413 P.2d 214, 217 (1966) we stated:

[E]ssential fairness requires that there be some pleading filed by the state, whether it be by motion or otherwise, by which a defendant is given notice and opportunity to be heard before an increased penalty can be imposed.

The defendant in *Rhodes* appeared for sentencing and was questioned by the court as to whether he had previous convictions for narcotics violations. When the defendant admitted a prior conviction, the court immediately sentenced him as a second offender. On appeal, this Court held that there was a denial of due process in that procedure and that a pleading must be filed before enhancement could occur.

*Rhodes* did not address the issue as to whether filing of the pleading after conviction would violate due process. On this point, we see no difference between the procedure followed in the instant case and the filing of an habitual criminal proceeding under the habitual criminal statute. The separate enhancement proceeding has been approved by the United States Supreme Court in *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). The Court held that if the state uses two separate proceedings, due process does not require notice before trial that an enhancement proceeding will follow conviction. It is our opinion that the defendant was not denied due process by the manner in which the enhancement proceeding was prosecuted. The state is not required to give the defendant notice before trial on the substantive offense that enhancement may be

sought after conviction. By filing a pleading seeking to enhance the defendant's sentence, the state has complied with the guidelines set out in *Rhodes, supra.*

## II. *DOUBLE JEOPARDY*

The defendant claims that once he has begun his sentence that he cannot be resentenced and given an increased sentence. He relies, in particular, on *State v. Allen,* 82 N.M. 373, 482 P.2d 237 (1971), in support of his position. In *Allen,* this Court held that a defendant who had been properly sentenced and had served a substantial portion of his sentence could not be resentenced to a longer term even though the judge could have validly imposed the longer sentence in the first place. In that case, the defendant had served eight years of a 3–50 year sentence. The applicable statute at that time allowed any sentence of from three years to life imprisonment. The court in its discretion had imposed the shorter sentence and only sought to impose a greater sentence after the defendant had filed several motions and habeas corpus proceedings attacking his sentence. This case differs from *Allen* in a number of respects. In this case, the defendant had only served eight months of his sentence before the enhancement of the sentence was sought. In addition, the change in sentencing here was according to the enhancement statute and not imposed by the judge as a penalty for exercising the defendant's constitutional rights. We hold that the defendant's initial sentence was the valid and appropriate sentence until it was proven that he was a prior offender under the appropriate enhancement statute. Upon a finding by a court or jury, depending on whether the defendant is entitled to a jury trial on the question of identity (which we do not address in this proceeding) the previous sentence must be vacated and the enhanced sentence imposed as provided by law.

■ There are many valid considerations, some evidentiary and some financial, for the district attorney to weigh before determining when an enhancement proceeding will be filed. And while we assume that in some case it could violate the defendant's rights to wait a substantial period of time before enhancement is sought, that is not the case here. The appeal on the defendant's conviction was not even affirmed until after the enhancement proceeding was filed.

As far as the claim that an increase in sentence amounts to double jeopardy, this court has held on a number of occasions that validly increasing a sentence under our habitual offender act is not double jeopardy. *State v. James,* 94 N.M. 604, 614 P.2d 16 (1980). *See also State v. Gonzales,* 84 N.M. 275, 502 P.2d 300 (Ct.App.1972), *cert. denied* 84 N.M. 271, 502 P.2d 296 (1972). While the defendant was not sentenced under our habitual criminal statute, there is no material difference. We hold that it does not amount to double jeopardy.

## III. *THE PENITENTIARY RECORDS*

■ The third point that the defendant raises is that the records of the penitentiary that were used to prove his identity as previously convicted were improperly admitted. During the trial on the issue of identity, the judge admitted records from the penitentiary that were authenticated by the penitentiary's records manager. The records were also under seal of the acting warden. The name typed on the form was that of "Robert E. Montoya", however they were signed by "Felix Rodriguez, Acting Warden." Since there was no foundation for the documents other than the documents themselves, they must be self-authenticating under Rule 902 of the Rules of Evidence, N.M.S.A.1978, in order to qualify as exceptions to the hearsay rule under Rule 803(8) of the Rules of Evidence, N.M. S.A.1978 (Cum.Supp.1980) which applies to public records. We hold that the exhibit was properly admitted. It was a document bearing the seal of a state agency, and it bears a *signature* of attestation. The typed name is irrelevant. The admission of evidence is within the discretion of the trial judge and will not be disturbed absent a clear abuse of discretion. *State v. Valdez,* 83 N.M. 632, 495 P.2d 1079 (Ct.App.1972),

*aff'd*, 83 N.M. 720, 497 P.2d 231 (1972), *cert. denied* 409 U.S. 1077, 93 S.Ct. 694, 34 L.Ed.2d 666 (1977). Here we find no abuse of discretion. The imposition of the sentence of life imprisonment is affirmed.

PAYNE and FEDERICI, JJ., concur.