632 P.2d 354

**STATE of New Mexico, Petitioner,**

v.

**Frank SANTILLANES, Respondent.**

**No. 13470.**

Supreme Court of New Mexico.

June 29, 1981.

Jeff Bingaman, Atty. Gen., Arthur Encinias, Asst. Atty. Gen., Santa Fe, for petitioner.

Martha A. Daly, Appellate Defender, Lynne Corr, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

EASLEY, Chief Justice.

Santillanes pled guilty to three counts of trafficking in heroin, after the trial judge sustained a defense motion to strike "the enhancement penalty (if any)" with prejudice. The State appealed; the Court of Appeals reversed. We granted certiorari and certified the case back to the Court of Appeals, which affirmed the trial court's decision. Application for certiorari was again made and granted, and we now reverse.

The issue is whether it is mandatory that prior trafficking convictions be charged and enhancement of sentence be demanded before the defendant starts serving time on the most recent convictions, or may the State file enhancement charges after conviction and sentence on the new charges.

The indictment did not call for an enhanced penalty. However, Santillanes filed a motion "to strike the enhancement penalty (if any) contained in the indictment...." He asserted that the indictment did not charge that he was subject to an enhanced sentence and that his prior federal conviction could not be counted as a prior offense. The State had not filed any other enhancement charge. The trial judge ordered the enhancement proceedings "dismissed with prejudice", although Santillanes had not asked for the "with prejudice" portion.

Thereafter, with the State objecting to the proceedings, the trial court accepted guilty pleas on the three counts and gave Santillanes a suspended sentence.

Section 30–31–20(B), N.M.S.A.1978, provides for an enhanced sentence for second and subsequent convictions of trafficking controlled substances. Prior to its amendment in 1980, the statute did not provide any procedures for imposition of an enhanced sentence. In *State v. Rhodes*, 76 N.M. 177, 413 P.2d 214 (1966), this Court held that due process requires that defendant be given notice that enhancement of sentence is sought by a pleading filed by the State and an opportunity to be heard before an increased penalty can be imposed. However, *Rhodes* does not address the issue as to when the charges must be filed.

Santillanes contends that any enhancement proceeding brought after he has begun serving his sentence on the most recent convictions would violate his constitutional guarantees of due process and against double jeopardy. This contention is foreclosed by our recent opinion in *State v. Stout*, N.M., 627 P.2d 871 (1981). In *Stout* we held that the enhancement of a sentence under these circumstances violates neither the right of due process nor the right against double jeopardy, even in the absence of statutory authorization of such a procedure.

We hold that the trial court erred in dismissing any enhancement proceedings with prejudice as there is no constitutional or statutory bar to the procedure. Part II of the Court of Appeals opinion in *State v. Santillanes*, 20 N.M.St.B.Bull. 163, (1980), is reversed; Part I of that opinion, which held that the State had the right to appeal, is unaffected by this opinion.

IT IS SO ORDERED.

PAYNE, FEDERICI and RIORDAN, JJ., concur.

SOSA, Senior Justice, not participating.