677 P.2d 625

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Muni Fred HARRIS,
Defendant-Appellant.**

No. 7152.

Court of Appeals of New Mexico.

Jan. 10, 1984.

Janet E. Clow, Chief Public Defender, David Stafford, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Paul Bardacke, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Sentenced as an habitual offender, defendant appeals. We discuss: (1) jurisdiction to impose the enhanced sentence; (2) initiation of the habitual offender proceedings; (3) validity of the prior convictions; (4) propriety of the enhanced sentence under the New Mexico statutes; and (5) constitutional validity of the enhanced sentence.

**Jurisdiction**

Jury verdicts on June 23, 1982, found defendant guilty of two counts of burglary and two counts of larceny. A supplemental information was filed on July 26, 1982, charging defendant as an habitual offender. The trial court sentence for the burglaries and larcenies was filed December 1, 1982. Defendant's notice of appeal from the burglary and larceny convictions was filed November 29, 1982. *See* NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 202(a) (Repl.Pamp.1983). In December 1982 and January 1983, there were proceedings pursuant to the supplemental information. On March 25, 1983, an amended judgment was entered which enhanced defendant's sentence as an habitual offender. Defendant's appeal involves the habitual offender proceedings.

This Court affirmed the burglary and larceny convictions by a memorandum opinion in *State v. Harris*, (Ct.App.) No. 6053, filed August 16, 1983. Defendant contends the trial court lacked jurisdiction to "modify" the sentence filed December 1, 1982, while his appeal in Ct.App. No. 6053 was

pending. Thus, he asserts the sentence in the amended judgment of March 25, 1983, is a nullity because the trial court lacked jurisdiction to impose that sentence.

We held contrary to defendant's contention in *State v. Lujan*, 90 N.M. 778, 568 P.2d 614 (Ct.App.1977). Defendant asserts that *Lujan* is no longer controlling. He relies on NMSA 1978, Crim.P.R. 57.1 (Repl. Pamp.1980), adopted in 1980, and *State v. Garcia*, 99 N.M. 466, 659 P.2d 918 (Ct.App. 1983). This reliance is misplaced.

Crim.P.R. 57.1 reads:

(a) **Correction of sentence.** The district court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) **Modification of sentence.** 'The district court may reduce a sentence within thirty days after the sentence is imposed, or within thirty days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within thirty days after entry of any order or judgment of the appellate court denying review of, or having the effect of upholding, a judgment of conviction. The district court may also reduce a sentence upon revocation of probation as provided by law. Changing a sentence from a sentence of incarceration to a sentence of probation shall constitute a permissible reduction of sentence under this subdivision.

*Garcia* involved the general rule as to trial court jurisdiction during the pendency of a direct appeal of a conviction. Crim. P.R. 57.1(b) applies to a modification of a sentence by reducing the sentence. Neither the general rule nor Crim.P.R. 57.1(b) deprives the trial court of jurisdiction to sentence an habitual offender.

▮ Crim.P.R. 57.1(a) authorizes a district court to correct an illegal sentence *at any time*. *Compare* NMSA 1978, §§ 31–18–19 (Repl.Pamp.1981) and 31–18–20(C) (Cum.Supp.1983). A sentence that is not

authorized is an illegal sentence. *See Sneed v. Cox,* 74 N.M. 659, 397 P.2d 308 (1964); *State v. Lucero,* 48 N.M. 294, 150 P.2d 119 (1944). Once it was determined that defendant was an habitual offender, the previous sentence for the burglaries and larcenies was no longer an authorized sentence because supplanted by the enhanced sentence mandated for an habitual offender. *Lott v. Cox,* 76 N.M. 76, 412 P.2d 249 (1966); *State v. Gonzales,* 84 N.M. 275, 502 P.2d 300 (Ct.App.1972). The trial court could correct the unauthorized sentence by imposing the sentence required for an habitual offender.

The trial court had jurisdiction to sentence defendant as an habitual offender during the pendency of defendant's appeal of the burglary and larceny convictions. ■ Should the general rule as to divestiture of trial court jurisdiction be considered as applicable to habitual offender proceedings, the trial court had jurisdiction to sentence defendant as an habitual offender. Under the general rule, the trial court has jurisdiction to rule on a motion to modify a sentence if the motion was pending at the time the appeal was taken. *State v. White,* 71 N.M. 342, 378 P.2d 379 (1962). In this case the supplemental information was, in effect, a motion to modify the first sentence and impose the sentence mandated for an habitual offender. The supplemental information was filed before the notice of appeal was filed.

**Initiation of the Habitual Offender Proceedings**

■ (a) The indictment charging the burglaries and larcenies did not mention a possible habitual offender proceeding. Disregarding New Mexico decisions, defendant contends that the failure to give him "notice, at the time of trial on the felonies, that the State would seek to enhance his sentence as an habitual offender" was a denial of due process. He asserts that due process "requires that any habitual offender allegation be made at the time of the primary charges." The failure to give notice, in the indictment, of possible

habitual offender proceedings was not a denial of due process. *State v. Stout,* 96 N.M. 29, 627 P.2d 871 (1981); *see State v. Santillanes,* 96 N.M. 477, 632 P.2d 354 (1981); *State v. Mayberry,* 97 N.M. 760, 643 P.2d 629 (Ct.App.1982).

■ (b) Defendant was charged as an habitual offender by a supplemental information. He contends the supplemental information was invalid because it did not charge a crime. His argument is: (1) habitual offender proceedings do not involve a new offense, only the penalty for a conviction, *see Lott v. Cox;* and (2) an information must charge a crime, *see* NMSA 1978, Crim.P.R. 5(c) (Repl.Pamp.1980) and *State v. Ardovino,* 55 N.M. 161, 228 P.2d 947 (1951). Defendant overlooks Section 31–18–19 which provides for an information charging a person as an habitual offender. *Lott v. Cox* refers to this as a recidivist information. The supplemental information alleging that defendant was an habitual offender was a valid charge.

(c) The supplemental information itemized four counts. The first three counts alleged prior felonies. The fourth count alleged that defendant "was found guilty of having committed four felonies (two felony larcenies and two burglaries) on or about the 28th day of October, 1981, by a Third Judicial District Jury." The supplemental information gave defendant notice that defendant was a person who had incurred three prior felony convictions. *See* NMSA 1978, § 31–18–17(D) (Cum.Supp. 1983). Defendant recognizes that the three prior felony convictions provided the basis for enhancing his sentence.

His claim is that the fourth count gave him notice that only "one count of enhancement was sought"; that is, a "single enhancement". On the basis that the supplemental information did not state that the three prior felony convictions were to be used to enhance each of the four felonies identified in the fourth count, defendant claims that an enhanced sentence as an habitual offender could be imposed for only one of the four felonies. In support of this

argument, he cites *State v. Peke,* 70 N.M. 108, 371 P.2d 226 (1962) and *State v. Gurule,* 90 N.M. 87, 559 P.2d 1214 (Ct.App. 1977), which discuss duplicity in criminal pleading. Neither case supports defendant.

■ Duplicity in criminal pleading is the joinder of two or more distinct and separate offenses in the same count. *State v. Peke.* The fourth count was not duplicitous because that count was not a joinder of *offenses.* *See* NMSA 1978, Crim.P.R. 10 (Repl.Pamp.1980). It is not a joinder of offenses because a recidivist information does not charge a criminal offense. *State v. Silva,* 78 N.M. 286, 430 P.2d 783 (Ct.App. 1967).

The supplemental information was not defective for failing to state, in a separate count for each of the current felonies, that the sentence for each particular felony should be enhanced on the basis of the three prior felony convictions. Each of the four current felonies was identified in the fourth count. The supplemental information alleged generally that defendant was an habitual offender because of three prior felonies. Defendant was given adequate notice, in the supplemental information, that the habitual offender provisions applied to each of the four current felonies. *See State v. Silva.* This contention is also answered by the absence of any showing of prejudice to defendant by the wording of the fourth count. NMSA 1978, Crim.P.R. 7(d) (Repl.Pamp.1980); *State v. Peke.*

### Validity of the Prior Convictions

The prior felony convictions were: (1) burglary, in Florida, in 1968; (2) attempted escape, in Florida, in 1969; and (3) rape, in Arizona, in 1972. Defendant contends that the two felony convictions in Florida may not be used to enhance his sentence as an habitual offender because they are constitutionally invalid. *See State v. Dawson,* 91 N.M. 70, 570 P.2d 608 (Ct.App.1977).

### (a) Voluntariness of the two guilty pleas in Florida.

The two felony convictions in Florida were based on his pleas of guilty. Defend-ant contends his guilty pleas were involuntary because not knowingly and intelligently entered.

■ (1) Defendant points out that in neither Florida proceeding was he informed of specific constitutional rights he would waive by a guilty plea. He seems to contend that his pleas cannot be valid because of the lack of specific reference to these rights. This is incorrect. *State v. Roland,* 90 N.M. 520, 565 P.2d 1037 (Ct.App.1977), states:

> [T]he transcript of the proceedings at the time of the guilty plea shows that defendant was not advised that his guilty plea waived the privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers. Because of a lack of specific reference to these rights, defendant contends his guilty plea was invalid under *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We stated our understanding of *Boykin* in *State v. Martinez,* 89 N.M. 729, 557 P.2d 578 (Ct.App.1976):
>
> > "The reference to three enumerated constitutional rights demonstrates the gravity of the trial court's responsibility in accepting a guilty plea. *Boykin* did not impose a procedural requirement that the three constitutional rights be enumerated before a guilty plea would be valid."

We add that *Boykin* was not applicable to the 1968 guilty pleas. *See State v. Garcia,* 92 N.M. 730, 594 P.2d 1186 (Ct.App.1978).

■ *Boykin* requires an affirmative showing that a guilty plea was intelligent and voluntary. *State v. Martinez,* 89 N.M. 729, 557 P.2d 578 (Ct.App.1976). This involves knowledge of the consequences of the plea. *Neller v. State,* 79 N.M. 528, 445 P.2d 949 (1968); *State v. Elledge,* 81 N.M. 18, 462 P.2d 152 (Ct.App.1969). Knowledge of the consequences means "that in some manner the accused should be informed of the nature of the charges, acts sufficient to constitute the offense, the right to plead 'not guilty,' the right to a jury trial, the

right to counsel, and the permissible range of sentences." *State v. Montler*, 85 N.M. 60, 509 P.2d 252 (1973). The question of voluntariness is to be determined from the record as a whole. *State v. Martinez.*

(2) The record shows that defendant, while represented by counsel, tendered a plea of guilty to two counts of a three-count information after the prosecutor informed the court that he had photographs of property taken by defendant and that defendant had pointed out, to police, the residence that he entered. Count I was comparable to New Mexico burglary—that defendant broke and entered a residence with intent to commit grand larceny. Count II charged grand larceny. Count III charged concealment of stolen property. Defendant pled guilty to Counts I and II. Count III was dismissed during the guilty plea hearing.

The record also shows that immediately prior to the guilty pleas as to burglary and larceny, defendant had pled guilty to two felonies charged in a separate information. These felonies were concealing stolen property and carrying a concealed weapon.

Defendant received a three-year sentence of imprisonment in each case; the sentences ran concurrently; jail time of one hundred eighty days was credited against both sentences.

The record supports an inference that the guilty plea to burglary was part of a plea bargain.

Before accepting guilty pleas to the felonies of burglary, grand larceny, concealing stolen property and carrying a concealed weapon, defendant was asked certain questions. His answers were to the effect that he understood he was charged with felonies, he understood he could be sentenced to the penitentiary, no one had promised him anything or threatened him, that he had discussed the charges with his mother and desired to plead guilty, that he pled "freely and voluntarily".

The matter of the validity of the pleas is to be determined by the trial court. *State v. Gallegos*, 91 N.M. 107, 570 P.2d 938 (Ct.App.1977). On the basis of the records reviewed above, the trial court could properly determine that defendant's guilty plea to burglary was knowing and intelligent, and was voluntary. *See State v. Montler.*

Defendant attacks the propriety of this result, relying on his own testimony. He testified that his lawyer told him if he pled guilty he could be transferred back to Arizona. The record shows that defendant had escaped from a juvenile detention facility in Arizona. Defendant's attorney raised the question of returning defendant to Arizona. Before considering such a disposition, the trial judge required information as to "what they [Arizona] want him for, how long the incarceration would be there, what the situation would be." Sentencing was delayed while this information was obtained; subsequently, defendant was sentenced to imprisonment in Florida. The fact that defendant's lawyer told defendant that he could be returned to Arizona does not show his plea was involuntary.

Defendant testified to alleged deficiencies in his counsel's representation—that he first saw his lawyer at arraignment and next saw him at trial; that his lawyer never discussed the evidence with him. In post-conviction proceedings in Florida, defendant unsuccessfully attacked his counsel's representation. Defendant also testified that he never knew the exact charges against him and lacked specific knowledge of the penalty he faced. The record shows he knew he was charged with felonies and could be sentenced to the penitentiary. Defendant's testimony supported his claim of an involuntary plea, but this testimony does not require us to hold that his plea was involuntary. Defendant's testimony does no more than raise a conflict in the evidence, and it was for the trial court to resolve the conflicts.

On the record before us, the trial court did not err in refusing to find that defendant's plea of guilty to burglary was involuntary. *Compare State v. Martinez.*

■ (3) Defendant also attacks the validity of his guilty plea to attempted escape. Evidence supporting voluntariness is contained in court minutes of the plea proceeding and the testimony of the public defender who represented defendant. The minutes reflect that defendant acknowledged his representation by the public defender, his satisfaction with that representation, the absence of threats or promises, and that the plea was voluntary. The public defender had no individual recollection of defendant; the public defender testified as to his standard practice in connection with escape cases. This practice involved a review of the charges and the strength of the State's case and, if appropriate, advice to plead guilty so that the person charged could receive a reduced sentence of one or two years. At the time, the maximum possible sentence was ten years; defendant was sentenced to one year. On the basis of this evidence the trial court could properly refuse to find that the plea was involuntary.

Defendant again relies on his own testimony in attacking the trial court's action. Again we point out that defendant's testimony does support his claim but that testimony does no more than raise a conflict in the evidence. It was for the trial court to resolve that conflict.

### (b) Felony conviction as a juvenile.

■ Defendant was seventeen years of age in 1968 when he pled guilty to the felony of burglary and was convicted pursuant to his plea. At that time, Florida law provided that a seventeen-year-old was an adult for purposes of the Florida criminal code. Thus, there was no transfer of defendant from juvenile court to a court of general jurisdiction because no transfer was required. At that time, in New Mexico, defendant would have been a juvenile and a transfer from the juvenile court to district court would have been required for the prosecution of a felony charge against defendant. NMSA 1953, § 13–8–27 (Repl. Vol. 3); *see Trujillo v. Cox,* 75 N.M. 257, 403 P.2d 696 (1965). At that time an out-of-state conviction could not be used to enhance a New Mexico sentence unless the crime would have been a felony if committed in New Mexico. NMSA 1953, § 40A–29–5 (2nd Repl.Vol. 6); *State v. Knight,* 75 N.M. 197, 402 P.2d 380 (1965). The date of the out-of-state conviction was the date to be considered in determining whether the prior conviction would have been a felony in New Mexico. *State v. Lott,* 73 N.M. 280, 387 P.2d 855 (1963).

Defendant's 1968 conviction in Florida would not have been a felony if committed in New Mexico in 1968 because he was a juvenile under New Mexico law and a transfer to district court was required. *See State v. Silas,* 92 N.M. 434, 589 P.2d 674 (1979).

Section 40A–29–5 was repealed by 1977 N.M.Laws, ch. 216, § 17. This repeal was a part of a statute dealing with criminal sentencing. The current provision for use of prior convictions to enhance a sentence for a current conviction is NMSA 1978, § 31–18–17 (Cum.Supp.1983). This provision was in effect when defendant committed the burglaries and larcenies in New Mexico. The portion of this statute applicable to this issue reads:

A. For the purposes of this section, "prior felony conviction" means:

(1) a conviction for a prior felony committed within New Mexico whether within the Criminal Code or not; or

(2) any prior felony for which the person was convicted other than an offense triable by court-martial if:

(a) the conviction was rendered by a court of another state, the United States, a territory of the United States or the commonwealth of Puerto Rico;

(b) the offense was punishable, at the time of conviction, by death or a maximum term of imprisonment of more than one year; or

(c) the offense would have been classified as a felony in this state at the time of conviction.

Defendant's prior felony convictions having been in Florida and Arizona, our concern is with A(2).

Defendant contends that all of the requirements stated in subparagraphs (a), (b) and (c) of the above-quoted statute must be met in order to use his 1968 Florida felony conviction to enhance his sentence. The State contends that defendant's 1968 Florida conviction may be used if the requirements of any one subparagraph are met. We agree with neither contention.

The wording of the above-quoted statute shows a legislative intent to change the prior law on use of out-of-state convictions for purposes of enhancing a New Mexico sentence. *See State ex rel. Bird v. Apodaca,* 91 N.M. 279, 573 P.2d 213 (1977). The statute clearly requires the prior conviction to have been a conviction of a felony, and this felony conviction must have occurred in one of the courts named in (2)(a). The use of the semicolon at the end of (2)(a) indicates that (2)(b) is also a requirement. *See* W. Strunk and E.B. White, *The Elements of Style* at page 6 (1959), on the use of a semicolon to join two clauses in a compound sentence. *Compare State v. Clark,* 80 N.M. 340, 455 P.2d 844 (1969). The use of the disjunctive "or" at the end of (2)(b), *see First National Bank v. Bernalillo County Valuation Protests Bd.,* 90 N.M. 110, 560 P.2d 174 (Ct.App.1977), indicates that (2)(c) may be used in place of (2)(b).

Thus, Section 31–18–17(A)(2) is to be read:

(2) any prior felony for which the person was convicted other than an offense triable by court-martial if:

(a) the conviction was rendered by a court of another state, the United States, a territory of the United States or the commonwealth of Puerto Rico *and*

(b) the offense was punishable, at the time of conviction, by death or a maximum term of imprisonment of more than one year.

The statute is also to be read:

(2) any prior felony for which the person was convicted other than an offense triable by court-martial if:

(a) the conviction was rendered by a court of another state, the United States, a territory of the United States or the commonwealth of Puerto Rico *and*

(c) the offense would have been classified as a felony in this state at the time of conviction.

Defendant's 1968 Florida conviction comes within the first of the above two readings of the statute. The fact that this conviction was not a felony in New Mexico in 1968 does not bar use of that conviction to enhance defendant's sentence as an habitual offender for his current New Mexico felonies.

**Propriety of the Enhanced Sentence Under the Statutes**

 The two burglaries involved the entry of the offices of separate government agencies located in one building. The two larcenies involved the stealing of property from each agency. Defendant was properly convicted of four crimes. *State v. Ortega,* 86 N.M. 350, 524 P.2d 522 (Ct.App. 1974); *State v. Deats,* 82 N.M. 711, 487 P.2d 139 (Ct.App.1971).

The basic sentence for each of the four felonies was eighteen months. NMSA 1978, § 31–18–15(A) (Repl.Pamp.1981). The trial court found aggravating circumstances in connection with each of the four felonies. NMSA 1978, §§ 31–18–15(B) and § 31–18–15.1 (Repl.Pamp.1981); *see State v. Segotta,* 100 N.M. 498, 672 P.2d 1129 (1983). The trial court altered defendant's basic sentence to two years for each count, with the sentence for each count to be served consecutively. *See State v. Mayberry.* This was the sentence filed December 1, 1982.

 An amended judgment was filed March 25, 1983. That amended judgment recites that defendant was an habitual offender because of the three prior felony convictions. The amended judgment enhanced the sentence for each of the four current felonies by an additional eight years. The result was a ten-year sentence for each of the current felonies; the sentence for each count was to be served consecutively.

Defendant contends the enhancement of his original sentence of two years for each

count must be vacated because the amended judgment did not vacate the original sentences. Under prior law this would be correct; under current law this contention is not correct.

The prior law appears as Section 40A–29–5. Under that law the sentence for an habitual offender with one or two prior felonies was based on the then existing indeterminate sentencing (not less than; not more than) law and related directly to the longest portion of the indeterminate sentence. Under prior law a sentence for an habitual offender with three prior felonies was life. Under this prior law the sentence for an habitual offender was a *new* sentence. Thus, the decisions required that the prior sentence be vacated. *Lott v. Cox*, 75 N.M. 102, 401 P.2d 93 (1965); *see State v. Baker*, 90 N.M. 291, 562 P.2d 1145 (Ct.App.1977).

Section 31–18–17(D) states the current law. It reads:

D. Any person convicted of a noncapital felony in this state whether within the Criminal Code or the Controlled Substances Act or not who has incurred three or more prior felony convictions which were parts of separate transactions or occurrences is a habitual offender and his basic sentence shall be increased by eight years, and the sentence imposed by this subsection shall not be suspended or deferred.

This statute provides that the basic sentence is to be increased by eight years. The amended judgment increased the basic sentence by eight years. The amended judgment complies with the statutory requirement. Defendant's contention is meritless because the amended judgment did no more than enhance the original sentences by an additional eight years. In this circumstance the original judgment was not to be vacated.

*State v. Baker* held that under Section 40A–29–5, the sentence for each current felony was to be enhanced on the basis of prior felonies. Defendant asserts that *Baker* no longer states the law; defendant presents two arguments.

First, defendant points out that Section 40A–29–5 referred to "any" felony while Section 31–18–17 refers to "a" felony. This did not change the requirement that the sentence for current multiple felonies be enhanced on the basis of prior felony convictions. Each of the four current felony convictions is "a" felony; the statute requires that the sentence for each of the current convictions be enhanced.

Second, defendant contends that *State v. Linam*, 93 N.M. 307, 600 P.2d 253 (1979), indicates that multiple current convictions should be treated as only one conviction for habitual offender purposes. Under this view there would be an enhanced sentence as an habitual offender for only one of the current felonies. *Linam* is not applicable; *Linam* dealt with prior, not current, convictions.

Section 31–18–17 provides that the sentence for each current conviction is to be enhanced on the basis of prior felony convictions. The sentence of ten years for each of the four current convictions was proper. Requiring the ten-year sentence for each current conviction to be served consecutively was also proper. *See State v. Mayberry.*

**Constitutional Validity of the Enhanced Sentences**

Defendant contends his enhanced sentences were unconstitutional.

█ (a) Defendant contends the enhanced sentences amounted to double jeopardy. They do not. *State v. Stout*, and cases therein cited.

█ (b) Defendant claims his enhanced sentences amount to cruel and unusual punishment. In *State v. Archibeque*, 95 N.M. 411, 622 P.2d 1031 (1981), the defendant, having been convicted of commercial burglary, was sentenced to life imprisonment because of four prior felony convictions. Our Supreme Court held that the life sentence did not constitute cruel and unusual punishment. In so holding, the New Mexico Supreme Court (1) recognized that the length of a sentence is a legislative

prerogative, and (2) absent a compelling reason, the judiciary shall not impose its own views concerning the appropriate punishment for crimes. *Archibeque* is consistent with *Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982), and *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). *See also State v. Augustus,* 97 N.M. 100, 637 P.2d 50 (Ct. App.1981).

*Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), applied proportionality review to felony prison sentences, stating "a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes ...." We recognized the applicability of proportionality review in *State v. Burdex,* 100 N.M. 197, 668 P.2d 313 (Ct. App.1983) and *State v. Garcia,* 100 N.M. 120, 666 P.2d 1267 (Ct.App.1983).

Defendant contends that a forty-year sentence for nonviolent minor conduct is unreasonable and must be reversed under *Solem v. Helm.* This argument is based on a mistaken view of the facts.

(a) Defendant has not received a forty-year sentence for a single offense; he has received four, ten-year sentences as an habitual offender. These sentences are to be served consecutively. Defendant does not challenge the consecutive sentencing and *Solem* does not address that issue.

(b) Each ten-year sentence includes the eight-year enhanced sentence required by our Habitual Sentencing Act because of defendant's prior felonies. Section 31–18–17 specifies the enhancement aspect—one year enhancement for one prior felony, four-year enhancement for two prior felonies and eight-year enhancement for three or more prior felonies. *See* Footnote 17 to *Rummel v. Estelle.* Current New Mexico law does not authorize a life sentence as an enhanced sentence for an habitual offender. *Solem* involved a life sentence.

(c) *Solem* states that in proportionality review, we first look to the gravity of the offense and the harshness of the penalty. Defendant has been convicted of two burglaries and two larcenies. These offenses involve a real risk of serious harm to others. *See* dissenting opinion in *Solem v. Helm;* see also *Griffin v. Warden, West Virginia State Penitentiary,* 517 F.2d 756 (4th Cir.1975). These were not passive felonies comparable to the $100.00 no account check in *Solem.* The penalty enhancement was eight years because of three prior felonies—burglary, attempted escape and rape. *Solem* seems to down play the significance of prior burglary convictions, thus emphasizing the comment of the dissent in *Solem* —"a sentence is unconstitutional if it is more severe than five justices think appropriate." This down playing of the prior burglary by the five-justice majority must, however, be considered in relation to the comment by the same majority that substantial deference must be given to the legislative determination as to the appropriate sentences. An eight-year enhanced sentence for each of the four current felonies is not unconstitutionally harsh.

*Solem v. Helm* does not require reversal of defendant's four sentences of ten years each, to be served consecutively. *See State v. Burdex. Solem* does not address the fact situation in this case. Until the United States Supreme Court provides more specific guidance for a proportionality review of discrete enhanced sentences based on prior felony convictions, we will follow *Hutto v. Davis* which holds that successful challenges to the proportionality of particular sentences should be exceedingly rare. A ten-year sentence for burglary or larceny after prior felonies of burglary, attempted escape and rape is not to be reversed on the basis of *Solem.*

The amended judgment and sentences are affirmed.

**IT IS SO ORDERED.**

WALTERS and NEAL, JJ., concur.