2001-NMSC-002

17 P.3d 434

STATE of New Mexico, Plaintiff–
Petitioner,

v.

Franklin Harrison BEGAY,
Defendant–Respondent.

State of New Mexico, Plaintiff–
Petitioner,

v.

Peter R. Phillips, Defendant–Respondent.

State of New Mexico, Plaintiff–
Petitioner,

v.

Lester Bitsuie, Defendant–Respondent.

Nos. 26,345, 26,346 and 26,347.

Supreme Court of New Mexico.

Jan. 4, 2001.

Patricia A. Madrid, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, NM, for Petitioner.

Phyllis H. Subin, Chief Public Defender, Lisa N. Cassidy, Assistant Appellate Defender, Santa Fe, NM, for Respondents.

D. Eric Hannum, Albuquerque, NM, for Amicus Curiae New Mexico Criminal defense Lawyers Association.

## OPINION

MINZNER, Chief Justice.

{1} The State appeals from three separate Court of Appeals decisions affirming trial court refusals to use a prior felony DWI (driving while intoxicated) conviction, *see* NMSA 1978, § 66–8–102 (1999), to enhance a sentence for a present non-DWI felony under the habitual offender statute, *see* NMSA 1978, § 31–18–17 (1993). *See State v. Begay*, No. 21,060, slip op. (NMCA May 2, 2000); *State v. Phillips*, No. 21,061, slip op. (NMCA May 2, 2000); *State v. Bitsuie*, No. 21,062, slip op. (NMCA May 2, 2000). We affirm.

## I.

{2} Defendants Frank Harrison Begay, Lester Bitsuie, and Peter Phillips were each convicted of a non-DWI felony in San Juan County. In each case, the State attempted to enhance Defendant's sentence pursuant to Section 31–18–17, New Mexico's habitual offender statute. In each case, the State relied on a prior fourth-degree-felony DWI convic-

tion, pursuant to Section 66-8-102(G), as a basis for sentence enhancement. In each case, the trial judge concluded that a prior felony DWI conviction could not be used as a basis for enhancing the sentence pursuant to the habitual offender statute.

{3} The State appealed these trial court decisions. The Court of Appeals affirmed each decision, relying on our statement in *State v. Anaya*, 1997–NMSC–010, ¶ 33, 123 N.M. 14, 933 P.2d 223, that "it is clear . . . the [L]egislature did not intend to apply Section 31-18-17 to the new felony created by Section 66-8-102(G) for sentencing purposes." *See Begay*, slip op. at 2; *Phillips*, slip op. at 2; *Bitsuie*, slip op. at 2.

## II.

{4} The State argues that the Court of Appeals erred in relying on *Anaya* for two reasons. First, the State argues that *Anaya* did not deal with the specific issue of whether a non-DWI felony conviction could be enhanced by a prior felony DWI conviction. Second, the State argues that *Anaya* "rested on a concern that the [L]egislature did not intend to create two enhancements for the same crime," a concern the State argues is not present here because the felony sought to be enhanced is not the DWI felony. The State is correct that *Anaya* did not deal with the specific question of whether a sentence for a present non-DWI felony could be enhanced by a prior DWI felony. *Anaya* presented the question of whether a sentence for a present DWI felony could be enhanced by a prior non-DWI felony. We do not believe, however, that this difference is significant in determining the outcome of these cases. Contrary to the State's assertion, our concern in *Anaya* was not double enhancements; we were concerned that the Legislature did not intend for a felony DWI conviction to be considered a felony for purposes of the habitual offender statute. Similarly, the resolution of these cases hinges on whether the Legislature intended for a felony DWI conviction to be considered a felony for purposes of the habitual offender statute. We now review *Anaya*.

{5} We addressed two issues in *Anaya*. We considered the question whether the Legislature intended to create a new crime of felony DWI, separate from the offense of misdemeanor DWI, that would require proof beyond a reasonable doubt of a defendant's three (or more) prior DWI convictions as an element of the offense when it enacted Section 66-8-102(G). *See Anaya*, 1997–NMSC–010, ¶ 3, 123 N.M. 14, 933 P.2d 223. We also considered the question whether the Legislature intended to permit a sentence for a present felony DWI conviction to be enhanced pursuant to the habitual offender statute with prior non-DWI felony convictions. *Id.* In answering these questions, we were cognizant of repeated amendments to the DWI statute since 1941, which increased penalties slightly, and the consistent statutory separation of the basic definition of the offense from the sentencing provisions for repeat offenders. *See id.*, 1997–NMSC–010, ¶¶ 17-18, 123 N.M. 14, 933 P.2d 223. We determined that the Legislature did not intend to create a wholly separate offense of felony DWI requiring proof beyond a reasonable doubt of three prior DWI convictions as an element of the offense when it enacted Section 66-8-102(G). *See Anaya*, 1997–NMSC–010, ¶ 14, 123 N.M. 14, 933 P.2d 223. Rather, Section 66-8-102(G) was designed to increase the punishment available for repeat DWI offenders. *See Anaya*, 1997–NMSC–010, ¶ 14, 123 N.M. 14, 933 P.2d 223. Pursuant to NMSA 1978, § 31-19-1(A) (1984), the maximum sentence of imprisonment that can be imposed for a misdemeanor offense is 364 days. Under our statutory scheme, sentences longer than 364 days are reserved for offenses classified as felonies. *See* NMSA 1978, § 31-18-15 (1999). We concluded that Section 66-8-102(G) classifies a fourth or subsequent DWI conviction as a felony to give courts the discretion to impose a maximum sentence of greater than one year (up to eighteen months) for a fourth or subsequent offense. *See Anaya*, 1997–NMSC–010, ¶ 23, 123 N.M. 14, 933 P.2d 223 ("[W]e are persuaded that the [L]egislature added fourth-degree-felony status in Section 66-8-102(G) in order to increase the punishment for repeat offenders .").

{6} We also concluded in *Anaya* that it is unclear whether the Legislature intended for

a fourth or subsequent DWI conviction to be considered a felony for purposes of the habitual offender statute. *See* 1997–NMSC–010, ¶ 31, 123 N.M. 14, 933 P.2d 223. Despite Section 66–8–102(G)'s denomination of a fourth or subsequent conviction as a felony, we were concerned that the Legislature only intended to increase the available penalty for a fourth or subsequent DWI offense from 364 days to eighteen months, without a corresponding intention to consider driving while intoxicated a felony for all other purposes. *See Anaya,* 1997–NMSC–010, ¶ 33, 123 N.M. 14, 933 P.2d 223 (Section 66–8–102 "changes the classification of a criminal act which is now and has been a misdemeanor into a felony *for sentencing purposes only.*"). We noted that in reclassifying a fourth or subsequent DWI conviction as a felony, the Legislature had already enhanced the statutory penalty for driving while intoxicated once, and we assumed that if the Legislature intended for the penalty to be enhanced a second time by the habitual offender statute, which could add as much as eight habitual-felon years to an eighteen month maximum sentence, the Legislature would have expressly stated such an intention. *See id.,* ¶ 31 ("The habitual offender statute is highly punitive, and it should not apply unless the [L]egislature clearly and specifically states its intention within the body of the statute itself.") (citation omitted).

{7} Neither Section 66–8–102(G) nor Section 31–18–17, the habitual offender statute, expressly provides that the habitual offender statute applies to felony DWI convictions. Faced with statutory silence, we concluded that the legislative intent was uncertain. *See Anaya,* 1997–NMSC–010, ¶ 32, 123 N.M. 14, 933 P.2d 223. In accordance with our rule of lenity, which requires "that criminal statutes ... be interpreted in the defendant's favor when insurmountable ambiguity persists regarding the intended scope of [those] statute[s]," *State v. Ogden,* 118 N.M. 234, 242, 880 P.2d 845, 853 (1994), we held that a sentence for a felony DWI conviction could not be enhanced pursuant to the habitual offender statute. *See Anaya,* 1997–NMSC–010, ¶ 32, 123 N.M. 14, 933 P.2d 223.

{8} Though our holding rested on the rule of lenity, we also expressed our view that the statutory silence of Section 66–8–102(G) and Section 31–18–17, in combination with Section 66–8–102(G)'s reference to a "jail" term rather than a "prison" term, makes it "clear that the [L]egislature did not intend to apply Section 31–18–17 to the new felony created by Section 66–8–102(G) for sentencing purposes." *Anaya,* 1997–NMSC–010, ¶ 33, 123 N.M. 14, 933 P.2d 223. We then invited the Legislature to clarify its intention if it disagreed with our holding.

{9} Though this case presents a slightly different question than the one we answered in *Anaya,* we believe that our analysis in *Anaya* controls the result in this case. As we previously stated, our holding in *Anaya* rested not on a concern that the Legislature did not intend to create two enhancements for the same crime, but rather a concern that the Legislature did not intend to have a fourth or subsequent DWI offense considered a felony for purposes of the habitual offender statute. In answering the question of whether a sentence for a felony DWI may be enhanced pursuant to the habitual offender statute, we held that the legislative intent to apply the habitual offender statute to the new felony created by Section 66–8–102(G) was uncertain. *See Anaya,* 1997–NMSC–010, at ¶ 32, 123 N.M. 14, 933 P.2d 223 ("We hold that an insurmountable ambiguity exists as to the intended scope of these criminal statutes...."). The Legislature has not acted to clarify its intention regarding the relationship of the DWI and habitual offender statutes subsequent to our decision in *Anaya.* Therefore, legislative intent to have a fourth DWI felony conviction considered a felony for purposes other than providing a term of imprisonment greater than one year remains uncertain. Our rule of lenity requires that we construe the statute in favor of Defendants. *See Ogden,* 118 N.M. at 242, 880 P.2d at 853.

{10} We also continue to believe that "[t]he most plausible interpretation is that the [L]egislature did not intend to punish fourth-time or more DWI offenders in the same manner as other fourth-degree felons." *Id.,* ¶ 33; *see also id.,* ¶ 31 ("Section 66–8–102

64

is completely silent with reference to the applicability of Section 31–18–17 to the newly created fourth degree DWI felonies ... and the [L]egislature's silence on the matter more clearly indicates to us its intention not to apply the enhanced sentences."). We note that "[a]t common law, no number of convictions for any misdemeanor or misdemeanors could ever add up to or become a felony." *Id.* Although "the [L]egislature can make multiple convictions for misdemeanor DWI a felony, we do not agree that it intended to make this 'new felony' a fourth degree felony for habitual offender sentencing purposes." *Id.* We therefore affirm the holdings of the Court of Appeals.

{11}  IT IS SO ORDERED.

BACA, FRANCHINI, SERNA and MAES, JJ., concur.