2001–NMCA–018

25 P.3d 267

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Oscar M. COYAZO, Defendant–Appellant.**

No. 21,265.

Court of Appeals of New Mexico.

March 2, 2001.

Certiorari Denied, No. 26,858, April 19, 2001.

Patricia A. Madrid, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, NM, Attorneys for Plaintiff–Appellee.

Phyllis H. Subin, Chief Public Defender, Trace L. Rabern, Assistant Appellate Defender, Santa Fe, NM, Attorneys for Defendant–Appellant.

## OPINION

FRY, Judge.

{1} Defendant Oscar Coyazo pleaded no contest to his ninth conviction for driving while intoxicated (DWI), his third felony DWI. At his sentencing hearing, the district court *sua sponte* aggravated the maximum felony DWI sentence by one-third. Defendant appeals the aggravation of his sentence, arguing first that it violated the legislative intent recognized in *State v. Anaya*, 1997–NMSC–010, 123 N.M. 14, 933 P.2d 223, and trespassed the separation of powers. Defendant further argues that the aggravation was erroneous because it constituted double enhancement in violation of double jeopardy principles, it deprived him of due process, and it violated the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

{2} We are constrained to apply the rationale of *Anaya*, which held that "the legislature did not intend to punish fourth-time or more DWI offenders in the same manner as other fourth-degree felons." 1997–NMSC–010, ¶ 33. Therefore, we hold that the aggravation statute, NMSA 1978, § 31–18–15.1 (1993), cannot be used to enhance the basic sentence for conviction of a DWI felony. We reverse the enhancement of Defendant's sentence and remand for necessary proceedings in accordance with this opinion.

## BACKGROUND

{3} Defendant was found in his boxer shorts behind the wheel of a car after having driven it up on the curb. A blood sample drawn at the hospital registered a blood alcohol content of .19 percent and tested positive for trace amounts of cocaine metabolites. He was arrested and later charged with a felony DWI, fourth or subsequent offense, and driving on a revoked license. He pleaded no contest to these charges.

{4} At sentencing, the State proved that Defendant had at least eight prior DWI convictions—including two prior felony DWIs—dating back to when he was a minor. In 1994, Defendant's driver's license was revoked for the next 100 years. The State asked the court to impose an eighteen-month sentence on the DWI and a twelve-month sentence on the charge of driving on a revoked license, and to run the sentences consecutively. Expressing frustration at its inability to prevent Defendant from driving, the district court *sua sponte* imposed a greater sentence on Defendant than the maximum the State had asked for. The court enhanced the maximum penalty for felony DWI—eighteen months incarceration—by one-third, under the authority of Section 31–18–15.1(A) and (C). The court also imposed a 364–day sentence for the revoked license charge to run consecutively with the DWI sentence, for a total incarceration of three years minus one day. Defendant now appeals the six-month enhancement of his felony DWI sentence.

## DISCUSSION

{5} This case presents a question of statutory interpretation, which is a question of law, and we therefore review it *de novo*. *State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995).

{6} The DWI statute provides that "[u]pon a fourth or subsequent conviction under this section, an offender is guilty of a fourth degree felony, as provided in Section 31–18–15 NMSA 1978." NMSA 1978, § 66–8–102(G) (1999). The referenced statute, Section 31–18–15, lists the basic sentences for first through fourth degree felonies and in turn refers to a number of statutes that may provide grounds for altering a basic sentence. Among those statutes listed are the habitual offender statute analyzed in *Anaya* and the statute at issue here, Section 31–18–15.1. The latter permits aggravation or mitigation of basic felony sentences. The Supreme Court

in *Anaya* held that the habitual offender statute may not be used to enhance the basic sentence for a DWI felony conviction. 1997–NMSC–010, ¶ 3. The *Anaya* analysis compels us similarly to hold that the aggravation statute cannot be used to enhance a DWI felony sentence.

{7} The court in *Anaya* relied on three lines of reasoning. First, because both the DWI felony statute and the habitual offender statute are silent with respect to each other, the legislature must not have intended the habitual offender enhancements to apply to DWI felonies, especially given the highly punitive nature of habitual offender sentences. *Id.* ¶ 31. Second, the silence of the two statutes creates an ambiguity which is resolved in favor of a defendant by the rule of lenity. *Id.* ¶ 32. Third, the DWI statute transformed the misdemeanor of DWI into a fourth degree felony upon a fourth or subsequent conviction, but only for sentencing purposes. *Id.* ¶ 33. Thus, because the statute is "self-enhancing," the legislature must not have intended to punish DWI felons in the same manner as other fourth degree felons. *Id.*

{8} While *Anaya* held that past non-DWI felonies cannot be used to enhance the sentence for a present DWI felony under the habitual offender statute, the recent case of *State v. Begay*, 2001–NMSC–002, ¶ 10, 130 N.M. 61, 17 P.3d 434, held that a prior DWI felony cannot be used to enhance a present non-DWI felony under the habitual offender statute. The court in *Begay* reiterated its reasoning in *Anaya* and stated that its holding rested on "a concern that the Legislature did not intend to have a fourth or subsequent DWI offense considered a felony for purposes of the habitual offender statute." *Begay*, 2001–NMSC–002, ¶ 9. Because it is unclear whether the legislature intended to treat DWI felonies in the same manner as other fourth degree felonies, "[o]ur rule of lenity requires that we construe the statute in favor of [d]efendants." *Id.*

■ {9} The same reasoning controls in the case at bar. Neither the DWI felony statute, Section 66–8–102(G), nor the aggravation statute, Section 31–18–15.1, expressly provides that the aggravation statute applies to felony DWI convictions. Confronted with statutory silence, we must conclude, as did the Supreme Court in *Anaya*, that legislative intent is uncertain. When we are unable to discern legislative intent, we resort to the rule of lenity. *See Anaya*, 1997–NMSC–010, ¶ 32; *see also Begay*, 2001–NMSC–002, ¶ 7. Moreover, we must agree with the court in *Anaya* that "the Legislature only intended to increase the available penalty for a fourth or subsequent DWI offense from 364 days to eighteen months, without a corresponding intention to consider driving while intoxicated a felony for all other purposes." *Begay*, 2001–NMSC–002, ¶ 6 (citing *Anaya*, 1997–NMSC–010, ¶ 33). Because the legislature expressly reclassified a fourth or subsequent DWI conviction from a misdemeanor to a felony, we believe that if it had intended to subject the felony to further enhancement by the aggravation statute, it would have stated that intention expressly. *See Begay*, 2001–NMSC–002, ¶ 6.

{10} There is one significant distinction between the habitual offender statute considered in *Anaya* and *Begay* and the aggravation statute we consider in this case: the habitual offender statute could add up to eight habitual-felon years to an eighteen-month maximum sentence for felony DWI. The Supreme Court deemed this potential enhancement "highly punitive." *See Anaya*, 1997–NMSC–010, ¶ 31. By contrast, the aggravation statute could never add more than six months to the maximum eighteen-month sentence. Section 31–18–15.1(C) ("[I]n no case shall the alteration exceed one-third of the basic sentence[.]"). However, this distinction does not compel a different result. The *Anaya* and *Begay* reasoning appears to apply without regard for the harshness of the potential statutory enhancements.

■ {11} We appreciate the district court's attempt to keep a recidivist violator of our DWI laws off the streets. However, under the authority of our Supreme Court's analyses in *Anaya* and *Begay*, we leave to the legislature the task of expressly creating penalties for repeat offenders such as Defendant. We hold that the maximum sentence for felony DWI cannot be enhanced by the aggravation provisions of Section 31–18–15.1.

Because our decision regarding Defendant's first argument is dispositive of this appeal, we do not address Defendant's remaining arguments.

## CONCLUSION

{12} We reverse the district court's *sua sponte* enhancement of Defendant's sentence and remand for proceedings in accordance with this opinion.

{13} **IT IS SO ORDERED.**

JONATHAN B. SUTIN, Judge, CELIA FOY CASTILLO, Judge, concur.