**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                   **No. 28,828**

**RICHARD G. KIRBY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Gary M. Jeffreys, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Richard G. Kirby
Hobbs, NM

Pro Se Appellant

<strong>MEMORANDUM OPINION</strong>

**SUTIN, Judge.**

On motion for rehearing, the opinion filed March 31, 2009, is withdrawn, and the following opinion is substituted in its place. The motion for rehearing is otherwise denied.

Defendant appeals from an amended judgment and sentence enhancing his sentence based on his status as a habitual offender. In this Court's notice of proposed

summary disposition, we proposed to affirm. This Court granted Defendant an extension of time until March 6, 2009, to file any memorandum in opposition he wished to file. Defendant filed his memorandum in opposition late on March 9, 2009. We have considered Defendant's arguments and, as we are not persuaded by them, we now affirm.

On March 9, 2009, Defendant also filed a second amended docketing statement seeking to raise a claim that his sentence violated the constitutional prohibition against cruel and unusual punishments. We construe Defendant's amended docketing statement as a motion to amend the docketing statement, and we deny the motion as the issue is not viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989) (stating that issues sought to be presented in an amended docketing statement must be viable), *superseded by rule on other grounds as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

We note that despite our previous admonition about attaching exhibits to his docketing statement, Defendant has attached a number of exhibits to his memorandum in opposition. Our Rules of Appellate Procedure do not provide for the attachment of exhibits to a memorandum in opposition, *see* Rule 12-210(D) NMRA, and we therefore disregard these exhibits. To the degree that any of the information in these

exhibits was presented to the district court in the hearings related to the supplemental information, we have already explained that it was Defendant's obligation to describe that evidence to this Court. *See* Rule 12-208(D)(3); Rule 12-210(D)(3). We have also explained that to the degree that this information was not presented to the district court, this Court will not rely on it in its decision. *See State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990) ("Matters outside the record present no issue for review."); *Jemko, Inc. v. Liaghat*, 106 N.M. 50, 55, 738 P.2d 922, 927 (Ct. App. 1987) ("It is improper to attach . . . documents which are not part of the record on appeal.").

**Issue 1:** Defendant asserts that the district court did not have jurisdiction to amend Defendant's sentence based on his status as a habitual offender since Defendant had already completed his underlying sentence before the district court amended it. [DS 11] "[T]he question of whether a trial court has jurisdiction in a particular case is a question of law that we review de novo." *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300.

The district court retains jurisdiction to enhance a defendant's sentence based on his status as a habitual offender "at any time, either after sentence or conviction." *See* NMSA 1978, § 31-18-19 (1977) (requiring the district attorney to file an

information charging the defendant as a habitual offender "at any time, either after sentence or conviction" when the district attorney learns that the defendant has committed prior offenses that meet the statutory criteria); NMSA 1978, § 31-18-20 (1983) (requiring the district court to enhance the sentence of a defendant who is charged pursuant to Section 31-18-19 if the court finds that the defendant is the person who was convicted of the previous charges). However, double jeopardy principles protect against the enhancement of a sentence if the enhancement would violate a defendant's reasonable expectations of finality of the sentence. *See State v. Villalobos*, 1998-NMSC-036, ¶¶ 5-6, 126 N.M. 255, 968 P.2d 766. A defendant has a reasonable expectation of finality when he has completely finished serving his sentence, including any period of parole. *See State v. Roybal*, 120 N.M. 507, 511, 903 P.2d 249, 253 (Ct. App. 1995) (holding that no reasonable expectation of finality existed where the defendant had finished his prison term but was still on parole).

In our notice of proposed summary disposition, we proposed to conclude that the district court was correct that Defendant had not completed serving his sentence in this case at the time his sentence was enhanced. We based our proposal on the following facts. Defendant was convicted of one count of fraud [RP 346-47], and this Court affirmed his conviction on appeal in *State v. Kirby*, No. 24,845 slip op. (N.M.

4

Ct. App. May 10, 2005). Defendant was originally sentenced on March 3, 2004. [RP 346] The sentence imposed was eighteen months plus one year of parole. [RP 346] Defendant was ordered to begin serving his sentence on March 9, 2004, unless he posted a $5,000 appeal bond. [RP 347] The record reflects that Defendant posted the bond. [RP 337-43] Defendant then apparently violated his conditions of release, and he was ordered to report to the Grant County Detention Center by September 29, 2006, or forfeit his appeal bond. [RP 457-63] Defendant moved to reconsider, and although the district court denied the motion, it stayed the order pending review of Defendant's conviction by the New Mexico Supreme Court. [RP 475-76] It appears that Defendant's initial petition to the Supreme Court was improperly filed, and the district court ordered Defendant to report to the detention center on November 10, 2006, unless he furnished the district court with proof that he had filed a proper petition for certiorari. [RP 480-81] Defendant must have done so, since there are orders filed after November 10 that relate to Defendant's change of residence [RP 482-83] and travel [RP 485-87]. The Supreme Court affirmed Defendant's conviction. *See State v. Kirby*, 2007-NMSC-034, 141 N.M. 838, 161 P.3d 883. On July 16, 2007, this Court issued a mandate to the district court remanding Defendant's case for further proceedings consistent with the Supreme Court's opinion. [RP 515]

On July 17, 2007, the district court entered an order on the mandate requiring Defendant to present himself to the Grant County Detention Center on July 24, 2007. [RP 516] It appears, however, that Defendant was already in state custody, since he had been incarcerated for a conviction in a different case. [RP 691 (Defendant's motion, stating that he had been "re-incarcerated, March 19, 2007 in 2001-CR-0773"), 744 (district court's order, stating that on July 17, 2007, "Defendant was already in prison serving time on another case.")] On October 29, 2007, the State filed a supplemental criminal information asserting that Defendant should be sentenced as a habitual offender. [RP 543-44] The district court held a hearing on the supplemental information and entered an amended judgment, sentence, and commitment on May 7, 2008. [RP 779]

In our notice of proposed summary disposition, we proposed to agree with the district court that the earliest date that Defendant could be considered to have begun serving his sentence in this case is on July 16, 2007, when this Court issued its mandate to the district court. [RP 744] As Defendant had not completed either his eighteen-month sentence or his one-year period of parole by May 7, 2008, when the district court amended Defendant's sentence, we proposed to conclude that it was

6

within the district court's jurisdiction to amend Defendant's sentence to reflect his status as a habitual offender.

In Defendant's memorandum in opposition, he makes general allegations that his sentence ran concurrently with the sentence in the other case and that the Attorney General's office refused to acknowledge his true sentence and interfered with his ability to document his good time credits. [MIO 2-3] Defendant also asserts that he was incarcerated on this charge on July 27, 2004. [MIO 7] These general allegations do not persuade us that the district court erred in concluding that Defendant had not yet finished serving his sentence in this case, particularly in light of the evidence in the record that shows that he was released on bond and did not begin to serve his sentence until July 16, 2007, at the earliest.

Defendant argues that even if he did not begin to serve his sentence until July 16, 2007, his earned meritorious deductions would have reduced his sentence such that he finished serving his sentence on April 24, 2008. [MIO 8] However, it does not appear that Defendant presented any evidence to the district court that he was granted the claimed earned meritorious deductions. We note that in Defendant's original challenge to the supplemental information, he asserted that he began serving his sentence on August 13, 2004, and did not argue or demonstrate that his earned

7

meritorious deductions had actually reduced his original eighteen-month sentence by almost half. [*See* RP 597 (arguing that with earned meritorious deductions, Defendant's sentence was still eighteen months).] Nor did Defendant make the argument in his petition to summarily dismiss the supplemental information for loss of jurisdiction [RP 680-82] or in his proposed findings of fact and conclusions of law. [RP 688-706] Defendant does not assert that he presented any evidence regarding his earned meritorious deductions to the district court in making his jurisdictional argument, and in fact indicates that he could not present this evidence to the district court because it had not been made available to him by the warden of the correctional facility. [MIO 3] This Court does not review evidence in the first instance, and if Defendant has new evidence relevant to the issue of when he finished serving his sentence, he will have to seek a hearing in the district court in order to present it there.

However, we note that even if Defendant had indeed finished serving his sentence on April 24, 2008, as he asserts, he still would not have finished serving his period of parole. Defendant claims that parole is inapplicable where he would still be serving another felony sentence [MIO 8], but we disagree. Periods of parole simply run while the second sentence is served. *See Brock v. Sullivan*, 105 N.M. 412, 414-15,

733 P.2d 860, 862-63 (1987) (holding that when a defendant is sentenced to multiple terms of imprisonment, the parole period for each offense commences immediately after the completion of the period of incarceration for each offense so that the parole period attached to each felony will run concurrently with any subsequent sentence then being served). Therefore, Defendant still would have had a year of his parole period to serve and would have no reasonable expectation of finality. *See Roybal*, 120 N.M. at 511, 903 P.2d at 253.

Defendant has not demonstrated that the district court erred in concluding that Defendant had not yet finished serving his sentence, and we see no error in the district court's determination that it had jurisdiction to enhance Defendant's sentence.

**Issue 2:** Defendant asserts that the district court lacked jurisdiction over the supplemental information proceedings because Defendant had filed a notice of appeal from a petition for post-conviction relief before the supplemental information was filed. [DS 12] We disagree. This Court has previously held that a district court does not lose jurisdiction to enhance a sentence when a notice of appeal is filed. *See State v. Lujan*, 90 N.M. 778, 779, 568 P.2d 614, 615 (Ct. App. 1977). As Defendant has provided this Court with no authority suggesting that this rule would not also apply when a notice of appeal from a petition for post-conviction relief is filed, we hold that

the district court was not divested of jurisdiction by the filing of Defendant's notice of appeal in this case.

Defendant also makes an argument that the delay in this case in filing the habitual offender information violated due process. [MIO 9-10] He relies on *State v. Diaz*, 2007-NMCA-026, ¶ 8, 141 N.M. 223, 153 P.3d 57, for the proposition that due process may prevent a district court from increasing a sentence when the defendant has already begun serving it. However, as *Diaz* itself noted, *Diaz* is distinguishable because the increase sought by the prosecution in that case was not based on the habitual offender statute, but on the driving while intoxicated statute. 2007-NMCA-026, ¶¶ 10-15. As the habitual offender statute expressly contemplates enhancements brought after a defendant has begun serving his sentence, and as we have already concluded that Defendant had no reasonable expectation in the finality of his sentence, we hold there was no due process violation.

**Issue 3:** Defendant argues that the district court's failure to issue a memorandum opinion on Defendant's constitutional claims prior to the bench trial on the habitual offender indictment violated Defendant's right to have an adequate record on appeal. [DS 13] However, the district court did in fact file two orders on Defendant's motions, both of which are included in the record on appeal. The court

ultimately entered an order amending Defendant's sentence—thereby indicating its rejection of Defendant's legal arguments. [RP 686-87, 743-47, 779-82] Therefore, we conclude that Defendant had an adequate record for purpose of appeal.

Defendant argues in the alternative that he should not be penalized for failing to obtain a transcript of the hearing. Defendant indicates that while he has been incarcerated he has not had access to equipment to listen to the hearing. [MIO 11] While it may be difficult for Defendant to advocate for himself while incarcerated, this does not provide a basis for a claim of error in the district court proceedings. Accordingly, we hold there was no error in the manner in which the district court issued its rulings.

**Issue 4:** Defendant argues that the sentencing provisions regarding habitual offenders do not permit the use of a prior conviction that is under collateral attack in another court. [DS 13] Defendant cites no authority for this proposition, and we see nothing in the habitual offender statute that would support it. If a defendant wants to challenge the validity of his prior convictions, he may do so by presenting relevant evidence to the district court in the habitual offender proceeding. *See State v. Wildenstein*, 91 N.M. 550, 552, 577 P.2d 448, 450 (Ct. App. 1978) (indicating that a defendant is permitted to challenge the validity of his prior convictions in a habitual

offender proceeding). Defendant suggests that there is some concern that there might be a conflict between the decisions of the two different courts as to the validity of the prior conviction. [MIO 12] However, that factual situation is not before us, and we do not decide here what effect such a conflict would have on a sentence imposed under the habitual offender statute.

**Issue 5:** Defendant asserts that his sentence could not be enhanced by a prior conviction when he had not yet completed his sentence for that conviction. [DS 14] We disagree. NMSA 1978, Section 31-18-17(D)(1) and (2) (2003) provide that a prior conviction may be used "when less than ten years have passed prior to the instant felony conviction since the person completed serving his sentence or period of probation or parole for the prior felony, whichever is later."

Defendant argues that the plain meaning of the statute indicates that convictions for which a defendant is still serving his sentence may not be used for purposes of a habitual offender enhancement. [MIO 4-6, 13] However, we believe that according to the plain meaning of the statute, when a person has not yet completed his sentence, it is clear that fewer than ten years have passed since the person finished serving his sentence. Furthermore, the purpose of the language in Section 31-18-17(D)(1) and (2) is to prevent the use of convictions that the Legislature determined were too old

to be used to enhance the current sentence, not ones that are too recent. *See State v. Simmons*, 2006-NMSC-044, ¶ 6, 140 N.M. 311, 142 P.3d 899 (stating that a prior version of the statute permitted the use of any felony conviction, regardless of how old, and that the 2002 amendments limited the use of convictions to those for which the defendant had finished serving his sentence within the previous ten years). It is clear from both the language of the statute and its purpose, which is to prevent recidivism, that the district court properly included convictions for which Defendant was still serving his sentence.

**Issue 6:** Defendant asserts that the district court should not have used his federal felony conviction to enhance his sentence because the federal crime was not a felony in this state at the time Defendant committed it. [DS 14] Relying on our Supreme Court's opinion in *State v. Moya*, 2007-NMSC-027, 141 N.M. 817, 161 P.3d 862, we conclude that the federal conviction could be used to enhance Defendant's sentence, regardless of whether money laundering would have been a felony in this state at the time of Defendant's conviction.

Section 31-18-17(D)(2) provides that a prior conviction may be used to enhance a defendant's sentence if:

(a) the conviction was rendered by a court of another state, the United States, a territory of the United States or the commonwealth of Puerto Rico;

(b) the offense was punishable, at the time of conviction, by death or a maximum term of imprisonment of more than one year; or

(c) the offense would have been classified as a felony in this state at the time of conviction.

In *Moya*, our Supreme Court explained that an out-of-jurisdiction conviction qualifies under Section 31-18-17(D)(2) if it meets the requirements of Subsection (D)(2)(a), plus the requirements of either Subsection (D)(2)(b) or (c). *Moya*, 2007-NMSC-027, ¶ 17. In this case, Defendant's federal convictions for conspiracy and money laundering meet the requirements of both Subsection (D)(2)(a) and Subsection (D)(2)(b), because these convictions were rendered by a court of the United States and because they were punishable at the time of conviction by a maximum term of imprisonment of more than one year. *See* 18 U.S.C. §§ 371, 1956(a)(1)(ii), (2).

The cases on which Defendant relies for the proposition that a prior conviction from another jurisdiction that was not a felony under the laws of New Mexico cannot be used to support an enhancement as a habitual offender were decided under a version of the statute that has been repealed. *See State v. Harris*, 101 N.M. 12, 18-19, 677 P.2d 625, 631-32 (Ct. App. 1984) (explaining that the prior version of the statute

14

has been repealed and that under a version of the statute similar to the current one, a felony conviction from another jurisdiction need not be a felony in New Mexico in order to support a habitual offender enhancement). Accordingly, those cases do not provide an appropriate interpretation of Section 31-18-17(D)(2) as it is currently written.

Defendant contends that *Moya*'s 2007 interpretation of Section 31-18-17 does not apply to his 2004 conviction. [MIO 14] However, the statute itself was amended prior to 2004, and *Moya* simply explained the amended statute. Defendant's argument does not persuade us that we should apply a prior version of the statute to determine whether his federal conviction can be used to enhance his sentence in this case.

Defendant also asserts that the federal statute under which he was convicted has since been repealed. [MIO 14] However, even if it were true that the federal conviction was invalid, the district court used only two of Defendant's three prior convictions to enhance his sentence, although it found that all three convictions were valid. [RP 780-81] Therefore, even if the federal conviction was invalid, there were still a total of two prior convictions to support the enhancement. [RP 780-81]

**Issue 7:** Defendant asserts that the district court erred in relying on a federal conviction to enhance Defendant's sentence because the federal prosecutor failed to

15

comply with a local rule regarding the designation of an expert witness. [DS 15] In attacking a prior conviction, "[a] defendant may not raise every conceivable error that may have led to the prior conviction, but is limited to those errors that would form the basis of a legitimate collateral attack, i.e., those errors that would 'void' the conviction by amounting to the denial of the substance of a fair trial or amounting to fundamental error." *State v. Pino*, 1997-NMCA-001, ¶ 14, 122 N.M. 789, 932 P.2d 13 (filed 1996).

In the district court, Defendant argued that Local Rule 8.1 required the designation of expert witnesses at least ninety days before trial and that the federal prosecutor had designated a fact witness as an expert witness on the day of trial. [RP 601] From the record, it appears that the witness was originally listed as a fact witness because he operated as an undercover, confidential informant for the government in the case. [RP 623] However, it seems that the federal district court permitted him to testify as an expert so that he could offer his opinion relating to his knowledge of certain kinds of financial operations and instruments. [RP 623-24] Defendant has not explained of what the witness's opinion testimony (as opposed to testimony on factual matters) consisted, although Defendant asserts that the expert testified on the ultimate legal issues in the case. However, our Supreme Court has recognized that "expert

16

testimony is admissible even if it touches upon an ultimate issue to be decided by the trier of fact." *See State v. Alberico*, 116 N.M. 156, 175, 861 P.2d 192, 211 (1993). Accordingly, Defendant has not demonstrated that the admission of this late-disclosed opinion testimony constituted fundamental error or rendered Defendant's trial unfair. Therefore, even if this federal conviction should not have been considered for enhancement purposes, there were still a total of two prior convictions to support the enhancement. [RP 780-81]

**Issue 8:** Defendant asserts that the district court's refusal to rule on Defendant's constitutional and jurisdictional claims denied him substantive and procedural due process. [DS 16] However, as we explained in Issue 3, the district court did rule on Defendant's motions. To the degree that the district court failed to address any particular argument made by Defendant, the district court effectively rejected those arguments, since they were directed at preventing Defendant's sentence from being enhanced, and the district court ultimately enhanced the sentence. [RP 779-80] Therefore, we hold that the district court in fact ruled on Defendant's arguments and no error can be predicated on a failure to issue a ruling in this case.

**Issues 9-14:** Defendant states in his memorandum in opposition that he abandons these issues. [MIO 21] Accordingly we do not address them.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**