# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          NO. 29,045

**JOHN SUSKEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals from an order of the district court denying his motion to suppress and remanding to magistrate court for imposition of the sentence for

Defendant's DWI conviction. [RP 85] We issued a proposed notice of summary disposition proposing to affirm. Defendant filed a memorandum in opposition. We have considered Defendants arguments but remain unpersuaded. We affirm.

In his memorandum in opposition, Defendant argues that the scope of the traffic stop leading to his arrest for DWI violated his right to be free from unreasonable searches and seizures under both the United States and New Mexico Constitutions. [MIO 3] Defendant contends that while the initial traffic stop was permissible, the officer illegally expanded the scope of the stop by asking him to step out of the car because there were no specific, articulable facts from which the officer could have developed a reasonable suspicion that he was driving while intoxicated. [MIO 7] Thus, Defendant argues, his motion to suppress evidence was erroneously denied by the district court. [MIO 2-3]

We review questions of law de novo. *State v. Diaz*, 2007-NMCA-026, ¶ 7, 141 N.M. 223, 153 P.3d 57. The standard of review for suppression rulings is "whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party." *State v. Werner*, 117 N.M. 315, 317, 871 P.2d 971, 973 (1994) (internal quotation marks and citation omitted). An officer who makes a valid investigatory stop may briefly detain those he suspects of criminal activity to verify or quell that suspicion. *Id.* A determination of whether a peace officer conducted a

permissible detention of a defendant ultimately depends on whether his actions were reasonable under Fourth Amendment standards. *Id.*

To expand the scope of a traffic stop, an officer must look at the totality of the circumstances and form a reasonable suspicion based on objective facts that the individual in question is, or is about to be, engaged in criminal activity. *State v. Urioste*, 2002-NMSC-023, ¶ 10, 132 N.M. 592, 52 P.3d 964. Reasonable suspicion of criminal activity sufficient to justify detention must be based upon specific articulable facts. *State v. Lowe*, 2004-NMCA-054, ¶ 12, 135 N.M. 520, 90 P.3d 539. The scope of activities permitted during an investigative detention must be reasonably related to the circumstances that initially justified the stop. *State v. Romero*, 2002-NMCA-064, ¶ 10, 132 N.M. 364, 48 P.3d 102.

Here, Defendant argues that the officer impermissibly expanded the scope of the traffic stop by asking him to exit the vehicle. [MIO 4] According to the State's evidence, a vehicle matching the description of Defendant's vehicle had been reported twice by other motorists as a possible drunk driver. [RP 79] The officer had been informed that a red passenger car had veered off the road, crashed, and had then driven away. [RP 83] Statements by eyewitness citizen-informants are presumed to be reliable because the informant has nothing to gain by fabrication. *State v. Contreras*, 2003-NMCA-129, ¶ 10, 134 N.M. 503, 79 P.3d 1111. This Court has held

that anonymous citizen's eyewitness account of an intoxicated man, combined with a description and last-seen location of the vehicle, provided sufficient information to form a reasonable suspicion that the defendant was driving while intoxicated. *Id.* In this case, the description and location of Defendant's vehicle, combined with the flat tire, was enough to corroborate the anonymous tips.

The officer who pulled Defendant over had a reasonable suspicion based upon the above-listed facts that Defendant may have left the scene of an accident and may have been driving while intoxicated. Further, the officer could plainly see that Defendant was driving with a flat tire. It was reasonable for the officer to order Defendant out of the vehicle to ascertain whether he had been hurt, was intoxicated, or had left the scene of the reported accident. Thus, the purpose of the investigative detention was reasonably related to the circumstances justifying the initial stop.

The investigative methods employed during an investigatory stop should be the least intrusive means reasonably available to verify or dispel the officer's suspicion. *State v. Taylor*, 1999-NMCA-022, ¶ 25, 126 N.M. 569, 973 P.2d 246. The State has the burden of showing that the seizure was a justified exception to the warrant requirement. *State v. Gutierrez*, 2005-NMCA-015, ¶ 11, 136 N.M. 779, 105 P.3d 332. Defendant argues that the officer could have determined whether he had left the scene of an accident, was injured, or was driving under the influence using less intrusive

4

means. [MIO 5] However, the officer had a valid concern that Defendant could drive off, possibly endangering himself or other motorists. [RP 83] Therefore, asking Defendant to step out of the vehicle was the most expedient and least intrusive means available for the officer to quell or confirm his suspicions. Defendant's detention was not unreasonably lengthy. Once out of the vehicle, the officers on the scene could ascertain Defendant's physical signs of intoxication and conduct field sobriety tests on that basis.

We hold that the State met its burden of showing that the brief seizure of Defendant was a justifiable exception to the warrant requirement.

Defendant also appears to argue in his memorandum in opposition that the search of his vehicle violated the New Mexico Constitution. [MIO 10-12] However, the search of Defendant's vehicle is not part of this appeal and was not addressed in the motion to suppress or the order of remand below. [RP 85] We therefore do not address Defendant's arguments relating to the search of his vehicle.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**