This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 35,544**

**JOSEPH BENAVIDEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**David N. Williams, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Defendant has appealed from a conviction for trafficking a controlled substance. We previously issued a notice of proposed summary disposition in which we proposed to affirm.  Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     We will begin with the motion to amend, by which Defendant seeks to raise a challenge to the enhancement of his sentence. [MIO 6-7] Specifically, Defendant contends that the district court "never held a hearing on the State's [s]upplemental [i]nformation[.]" [MIO 6] Defendant further contends that the district court erred insofar as it "did not require the State to prove the validity of the alleged prior felony" and insofar as Defendant "was never given an opportunity to contest the validity of the alleged prior felony[.]"  [MIO 7]

{3}     The record before us reflects that after the jury returned a guilty verdict, [RP 56] and prior to the sentencing hearing as originally scheduled, [RP 60] the State filed a supplemental information, as amended. [RP 61-66] Defendant promptly absconded. [MIO 3; RP 67, 71] After his eventual arrest, the rescheduled sentencing hearing was conducted. [RP 88] The record before us reflects that the question of sentence enhancement was addressed in the course of that hearing. [RP 88-91]

{4}      To the extent that Defendant argues that a separate habitual offender proceeding was required, we disagree. While habitual offender proceedings *may* be conducted separately from and subsequently to original sentencing proceedings, *see State v. Diaz*, 2007-NMCA-026, ¶ 13, 141 N.M. 223, 153 P.3d 57 (discussing this phenomenon), this is not *necessary*. Under circumstances such as those presented in this case, the question of habitual offender sentence enhancement may properly be taken up at the original sentencing hearing. *See* NMSA 1978, § 31-18-19 (1977) ("If *at any time, either after sentence or conviction*, it appears that a person convicted of a noncapital felony is or may be a habitual offender, it is the duty of the district attorney of the district in which the present conviction was obtained to file an information charging that person as a habitual offender." (emphasis added)); *and see, e.g., State v. Godoy*, 2012-NMCA-084, ¶ 23, 284 P.3d 410 (observing, with respect to habitual offender sentence enhancement proceedings, that "past convictions and proof of the three required elements is to be provided by the State *at the sentencing hearing*" (emphasis added)); *State v. Elliott*, 2001-NMCA-108, ¶ 35, 131 N.M. 390, 37 P.3d 107 ("*At sentencing*, the State bore the burden of making a prima facie case showing prior valid felony convictions, and Defendant then had the right to offer contrary evidence." (emphasis added)). Accordingly, we perceive no merit to Defendant's contention that additional proceedings were required.

3

**{5}** Of course, a variety of procedural requirements do apply relative to habitual offender sentence enhancements, and it was incumbent upon the State to make a prima facie showing. *See* Rule 5-509 NMRA (addressing notice in habitual offender proceedings); NMSA 1978, § 31-18-20 (1983) (governing habitual offender proceedings); *State v. Clements*, 2009-NMCA-085, ¶ 22, 146 N.M. 745, 215 P.3d 54 (setting forth the three elements of the requisite prima facie showing, and describing the burden shifting approach utilized in habitual offender proceedings). However, nothing in either the record before us or Defendant's memorandum in opposition reflects that these requirements were unsatisfied, and we will not presume error. *See generally State v. Rojo,* 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [district] court's judgment." (internal quotation marks and citation omitted)); *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error).

**{6}** To the extent that Defendant wished to challenge the validity of the prior convictions, it was incumbent upon him to duly notify the State and the district court of that intent. *See* Rule 5-509(A) ("If the defense in an habitual criminal sentencing

proceeding intends to attack the validity of any prior conviction, . . . the defendant shall provide the state with a written notice of such intention."); *State v. Clements*, 2009-NMCA-085, ¶ 23, 146 N.M. 745, 215 P.3d 54 ("Rule 5-509(A) does provide that the defendant has a duty to notify the State in the event the validity of a prior conviction is to be contested."). We find no indication that he provided such notice, or otherwise presented anything to support any challenge to the validity of the prior convictions. Under the circumstances, validity was properly presumed. *See State v. Duarte*, 1996-NMCA-038, ¶ 22, 121 N.M. 553, 915 P.2d 309 ("The validity of prior convictions is presumed until a defendant produces evidence reasonably tending to establish their invalidity. If the constitutional invalidity of prior convictions is not adequately shown, the burden of persuasion does not shift, and the [s]tate has no obligation to come forward with evidence.").

{7}     Accordingly, we conclude that the issue Defendant seeks to raise by amendment to the docketing statement is not viable. The motion to amend is therefore denied. *See, e.g., State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007.

{8}     Finally, we turn to the issue originally raised, by which Defendant has challenged the sufficiency of the evidence to support his conviction. Focusing on certain omissions from the officer's report, specifically concerning his use of crutches, Defendant continues to argue that the State failed to prove that he was the person who

sold cocaine to the undercover officer. [MIO 4-5] However, "under a substantial evidence review, [i]t is the exclusive province of the jury to resolve factual inconsistencies in testimony. We will not reweigh the evidence or substitute our judgment for that of the jury." *State v. Trujillo*, 2002-NMSC-005, ¶ 28, 131 N.M. 709, 42 P.3d 814 (alteration in original) (internal quotation marks and citation omitted). As we previously observed, the officer described the exchange and made a positive identification of Defendant in open court. [DS 3] This was sufficient to support the jury's verdict. *See, e.g., State v. Castleman*, 1993-NMCA-019, ¶¶ 2, 19, 116 N.M. 467, 863 P.2d 1088 (observing that the testimony of an undercover officer describing his purchase of a controlled substance from the defendant supplied sufficient evidence to support a conviction for trafficking).

{9}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{10}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**

6

_____
**M. MONICA ZAMORA, Judge**