This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41632**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**SAYER HERRERA a/k/a SAYER LAWRENCE HERRERA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Stephen Ochoa, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Tyler Sciara, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court

assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's amended judgment and sentence, which was entered following a hearing on Defendant's Rule 5-801 NMRA motion to reduce his sentence. [RP 197-203] The amended judgment and sentence is nearly identical to the original judgment and sentence in which the district court imposed a 364-day term of imprisonment on one count of battery of a household member and suspended a second 364-day consecutive sentence on one count of criminal damage to the property of a household member. [RP 197-203] The only distinctions between the original and amended judgment and sentence are as follows: in the amended judgment and sentence, the district court (1) denied Defendant's Rule 5-801 motion as it pertained to modification of Defendant's sentences; (2) granted requests by both Defendant and Victim to permit their contact with one another, contingent on Defendant's completion of anger management or domestic violence treatment sessions; and (3) ordered Defendant's probation to be supervised by the Adult Probation and Parole Office (APPO) rather than by the Misdemeanor Compliance Program (MCP) as originally specified. [RP 154, 156-57, 197, 199, 200; AB 4; 9/28/2023 CD 9:50:15-29]

**{3}** On appeal, Defendant challenges only the district court's amendment of his probation supervision. [BIC 5-6] Defendant argues that the district court erred in amending the supervision of his probationary sentence, asserting that by ordering his probation to be supervised by APPO rather than MCP, the district court effectively increased Defendant's sentence when ruling on his Rule 5-801 motion. [BIC 5-6] As Defendant correctly specifies, "Rule 5-801 does not authorize a sentencing court to *increase* a sentence on a defendant's motion to reconsider sentence." *State v. Garcia*, 2022-NMCA-008, ¶ 25, 504 P.3d 567 (emphasis in original). Defendant acknowledges that his appeal presents a novel issue regarding the interpretation of Rule 5-801 and asserts the question of "whether a district court may order more onerous probation supervision in response to a defense-filed motion to reduce sentence before a defendant has even started serving a probationary term." [BIC 5]

**{4}** Although Defendant cites numerous cases that speak to the well-established principle that the district court may not increase a defendant's sentence in response to a defendant's Rule 5-801 motion to reduce a sentence [BIC 6-8], all such cases deal with increases in the *duration* of a defendant's sentence. *See State v. Porras*, 1999-NMCA-016, ¶ 7, 126 N.M. 628, 973 P.2d 880 ("It is a well-established principle of New Mexico law that a trial court generally cannot increase a valid sentence once a defendant begins serving that sentence."); *see also Garcia*, 2022-NMCA-008, ¶¶ 3, 23, 25, 27-28 (concluding that a defendant who has already been remanded into custody to serve a sentence originally imposed by the district court has a reasonable expectation that the original sentence will not be increased and, therefore, the district court is not permitted to impose a new sentence of increased duration); *State v. Diaz*, 2007-NMCA-026, ¶¶ 12, 21-22, 141 N.M. 223, 153 P.3d 57 (specifying that the DWI sentencing structure is "significantly different" from habitual offender enhancement statutes and "does not allow for an additional enhancement to be imposed" following an enhanced sentence, and

affirming the district court's denial of the state's motion seeking to increase the duration of the defendant's original sentence based on a prior DWI conviction); *Porras*, 1999-NMCA-016, ¶¶ 4, 12, 14 (concluding that the district court was not permitted to increase the duration of a defendant's original sentence from ninety days to three years when modifying the sentence to apply a habitual offender enhancement).

**{5}** Here, the amended judgment and sentence does not increase the duration of Defendant's original sentence, but instead changes the manner of supervision for probation. It appears that the only information in the record regarding the differences between APPO and MPC came from the prosecutor in response to the district court's question about how APPO supervision functions in Otero County. The prosecutor stated that in her experience, "there is a higher level of supervision with APPO," much of which occurs over the telephone, and there "is more interaction with individuals" along with a higher likelihood of random urinary analysis tests being given. [9/28/23 CD 10:05:31-06:00]

**{6}** Even if we were to consider the prosecutor's opinions as evidence of the characteristics of APPO supervision, Defendant does not explain whether or how any functional differences between APPO and MPC constitute an increased sentence rather than a modification to a probation condition that does not extend the length or increase the penalty. *See* NMSA 1978, § 31-21-21 (1963) ("Nothing in the Probation and Parole Act limits the authority of the court to impose or modify any general or specific condition of probation."). We therefore conclude that Defendant has not demonstrated that the district court erred in modifying his probation supervision. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (explaining that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error).

**{7}** Based on the foregoing, we affirm.

**{8}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KATHERINE A. WRAY, Judge**